[Civil No. 229.  Filed February 15, 1889.]

[20 Pac. 673.]

## GEORGE F. MARTIN, Plaintiff and Appellee, v. WELLS, FARGO & CO., Defendant and Appellant.

1. Appeal and Error—Uncontradicted Evidence—Verdict.—Plaintiff, defendant's agent, was suddenly injured and incapacitated for work for several weeks, during which time the office was in charge of other employees of defendant, who failed to check up or count the plaintiff's cash for two or three weeks after the injury. They then claimed plaintiff $800 short, which plaintiff paid; but upon recovery he examined the books and asserted that he had paid out money to the company and for the company for which they should reimburse him. He testified that on the day of his injury there was $2,300 in the safe. It is admitted that if this were so he was not short, and that the amount recovered is due him. There being

no evidence to dispute his statement, the verdict of the jury based thereon should not be disturbed on appeal.

2. MONEY HAD AND RECEIVED.—Where plaintiff holding funds belonging to defendant uses his own funds to pay defendant's obligations, he is entitled to recover the money so paid, he having in the mean time surrendered all funds of defendant's to another of its agents.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. William H. Barnes, Judge. Affirmed.

The facts are stated in the opinion.

Jeffords & Franklin, for Appellant.

Cameron H. King, and George L. Hood, for Appellee.

PORTER, J.—Plaintiff, Martin, was agent for defendant at Tucson. He brings suit for two causes of action: (1) For money paid out by him for the benefit and use of defendant; (2) for money paid to defendant by a mistake. There is some conflict in the evidence, but there is evidence tending to show that on the afternoon of July 17, 1884, plaintiff received a severe injury, by which he was suddenly rendered incapable of doing any business whatever for several weeks. A new clerk took charge of the office, and that night Mr. Taylor, a route agent of defendant, reached Tucson, and took control of the office, carrying on the business. Neither he nor the clerk "checked off" the office, nor counted the cash in the safe, for two or three weeks, when they found it short over $800, and, calling Martin's attention to it, Martin made it good. As soon as Martin was able to do business, he caused an examination of the books to be made, and he claimed that he had paid out money to the company and for the company, for which they should reimburse him. He testified that on the day of his injury there was $2,300 in the safe. It is admitted that if this were so he was not short in his accounts, and that the amount recovered is due him. There is no evidence to dispute his statement. The office was carried on by Boer and Taylor some three weeks, and there is as much reason to think the shortage occurred after as before Martin's injury. They certainly were careless in not checking up the office and count-

ing the cash as soon as they took charge of it. The jury found with Martin that the money was there when he was injured. There was evidence to sustain this finding, and the verdict should not be disturbed on appeal.

Before Martin's injury, in the ordinary course of business he received a telegraphic order from the company's agent in New York to pay one Hoyt $2,000. This he did, but, to meet it, he borrowed of one Griffith $1,000. The company got the benefit of this payment, and Griffith was paid by Martin. It is argued that he should have paid it out of the $2,300 he alleges was in hand at the time of his injury. This may be so, but if it were there, as he says, and as the jury finds, then that money came into the hands of Taylor, the general agent of defendant; and if it were lost or stolen thereafter it was not Martin's fault, and he should not be held responsible for anything that occurred in this office after Taylor took charge of it. The contention in this case was over the question whether it was there; defendant insisting that it was not. As Taylor did not count the cash, there was no evidence to contradict Martin's testimony that the amount was there.

We have examined the instructions given. They are somewhat voluminous, but we think they correctly charged the jury. We perceive no error in the record, and the judgment is affirmed.

Wright, C. J., and Barnes, J., concur.