[Civil No. 281.   Filed January 26, 1892.]

[28 Pac. 958.]

GEORGE T. MARTIN et al., Plaintiffs and Appellants, v. WELLS, FARGO & COMPANY'S EXPRESS, Defendant and Appellee.

1. SET-OFF—POWER OF COURT NOT STATUTORY—DISCRETIONARY—REVIEWED ONLY FOR ABUSE.—The power of a court to set-off mutual judgments is inherent. It rests upon its general jurisdiction over its judgments, not upon statute. The exercise of the power is discretionary and will be reviewed only for abuse.

2. SAME—ASSIGNMENTS—NOTICE—SEC. 5, CH. 48, COMPILED LAWS ARIZ. 1877, CONSTRUED.—Statute, *supra*, expresses the equitable doctrine of assignment, that is: that it carries with it all existing equities together with any which may thereafter arise between the assignor and his debtor before notice of the assignment to the latter which might be urged by him as a proper set-off.

3. ASSIGNMENTS—RECORDING—ABSENCE OF STATUTE—NOT CONSTRUCTIVE NOTICE.—Where there is no law providing for the recording of assignments of judgments in the county recorder's office such record does not give constructive notice.

4. SAME—NOTICE—BURDEN OF PROOF.—The burden of proof is on the assignee to show that the judgment debtor had notice of the assignment before his set-off was obtained. In absence of proof that the debtor had notice of the assignment prior thereto the right of set-off still exists.

APPEAL from a judgment of the District Court of the First Judicial District in and for the County of Pima. William H. Barnes, Judge. Affirmed.

The facts are stated in the opinion.

Maxwell & Satterwhite, for Appellants.

The doctrine of set-off, as a remedy, was entirely unknown to the common law, and mutual debts were inextinguishable, except by actual payment or release. 7 Wait's Actions and Defenses, 473; *Commonwealth* v. *Clarkson*, 1 Rawle, 291; *Merriweather* v. *Bird*, 9 Ga. 594.

It has rested entirely on statutory enactments for its existence. Hence, it cannot be extended beyond such enactments. In this territory it is not authorized, except in actions pending in court. It has no application to claims which have been liquidated by judgment. We have no statutory authority for setting off judgments against each other.

It is true that the right of set-off grew into use, in some states more than others, under different kinds of statutes, and was finally extended to judgments; but the undoubted weight of authority has been, that the right of set-off is limited to mutual connected debts. 7 Wait's Actions and Defenses, 473; *Hurlbert* v. *Pacific Ins. Co.*, 2 Sum. 477, Fed. Cas. No. 6919; *White* v. *Governor*, 18 Ala. 767; *McLean* v. *McLean*, 1 Conn. 397; *Baltimore Ins. Co.* v. *McFaden*, 4 Har. & J. 31. The doctrine of these cases is in harmony with our statute —paragraph 741.

The weight of adjudged cases, upon which the text-books are based, shows the rule to be that the set-off must have been presented to the court and pleaded while one of the actions was pending in court. *Pierce* v. *Bent*, 69 Me. 385; *Duchess of Kingston's case*, 2 Smith's Leading Cases, 573.

In some of the states the statutes affirmatively authorize the setting off of judgments against each other after they are rendered, and upon such statutes the practice has grown into general use, in so much that the courts in some of the states allow such set-offs simply on motion of one or the other of the parties after both judgments are rendered. Freeman on Judgments, sec. 467a.

But in this territory there is no statute authorizing the setting off of judgments against each other on motion or otherwise; nor do courts have any such equitable powers over judgments as is claimed for the courts of some of the states by the author above cited. When judgments are rendered and are ready for execution the courts cease to have any further juris-

diction or control over them, or over the parties or causes of action. There can be but one answer to such judgments—to wit, payment. 7 Wait's Actions and Defenses, 526; *Thorpe* v. *Wegefarth,* 56 Pa. St. 82, 93 Am. Dec. 789.

It is quite immaterial, however, to the appellant in this case what the doctrine may be as to the right or mode of setting off judgments against each other between the original parties,—as contemplated in the authority above referred to,—so long as the rights of third persons are not interfered with; for the same authority which is cited and relied upon for setting off judgments between the original parties also states that judgments cannot be set off against each other where one of them was assigned to a third person in good faith before the other was obtained. This was the fact in this case. See Freeman on Judgments, sec. 467a; *Pierce* v. *Bent,* 69 Me. 381.

When one debt is absolutely assigned to a stranger, pending the action, and before it is liquidated by a final judgment, the same cannot be set off against the other on motion where the two debts have no connection with each other. Waterman on Set-offs, p. 398.

The right to set off one judgment against the other by a motion to a court of equity, or by a summary application to the equitable powers of a court of law, only exists in those cases where the debts on both sides have been finally liquidated by judgments before the assignment of either to a third party. Waterman on Set-offs, p. 398; 7 Wait's Actions and Defenses, 527; *Gay* v. *Gay,* 10 Paige, 369; *Swift* v. *Prouty,* 64 N. Y. 546.

The courts refuse to set off judgments in cross actions, between the same parties, where it appears that other persons are interested by assignment of the demand on which one of the judgments was rendered. 7 Wait's Actions and Defenses, 530; *Makepeace* v. *Coats,* 8 Mass. 451, 452; *Duncan* v. *Bloomstock,* 2 McCord, 318, 13 Am. Dec. 728, and note.

To a judgment there can be no set-off of a debt not in judgment. 7 Wait's Actions and Defenses, 526, 527; *Thorpe* v. *Wegefarth,* 56 Pa. St. 82, 93 Am. Dec. 789; *Garrick* v. *Jones,* 2 Dowl. P. C. 157; *Dunken* v. *Vandenburgh,* 1 Paige, 622; *Bagg* v. *Jefferson,* 10 Wend. 615; *Bradley* v. *Morgan,* 2 A. K. Marsh, 369.

The spirit of this rule is that the subject-matter of the set-

off must be clear, indisputable, and conclusive upon the parties, and must have passed the ordeal of a judicial determination before it can be used as a set-off against a judgment; and this must have been done, too, before the judgment sought to be set off was assigned to an innocent third party. *Harris* v. *Palmer*, 5 Barb. 105.

Jeffords & Franklin, for Appellee.

As to the power of the court, upon motion to set off one judgment against another, Mr. Freeman in his book on Judgments says: "The satisfaction of a judgment may be wholly or partly produced by compelling the judgment creditor to accept in payment a judgment against him in favor of the judgment debtor; or, in other words, by setting off one judgment against the other. This is usually brought about by a motion in behalf of the party who desires to have his judgment credited upon or set off against a judgment against him. The court in a proper case will grant the motion. Its power to do this cannot be traced to any particular statute, and exists only in virtue of its general equitable authority over its officers and suitors. This authority was formerly restricted by courts of equity, but now is very generally exercised by courts of law. . . . It is well settled, both in England and this country, that judgments in cross actions may be set off, the one against the other, when the parties in interest are the same, on motion addressed to the court in which one or both of the actions are pending. If the amounts are equal, both will be satisfied. If the amounts are unequal, the smaller will be satisfied in full, and the larger to the extent of the smaller, and an execution will issue for the balance." Freeman on Judgments, sec. 467a; *Pierce* v. *Bent,* 69 Me. 385. Both the above authorities are cited by appellant as holding a different principle.

"Where there are two actions in the same court, at the same time, wherein the plaintiff in each is entitled to judgment, and wherein the creditor in one is the debtor in the other, and a motion is made to the court to set one judgment off against the other, so far as one will extend towards the satisfaction of the other, the court will make the set-offs if other rights do not interfere." Waterman on Set-offs, sec. 338, p. 373.

"The practice of setting off one judgment, between the same parties and due in the same right, is ancient and well established. Some of the adjudged cases go upon the principle of extending the statutes of set-off in their spirit of equity and justice. Others hold the exercise of the power independent of the statutes of set-off and rest it upon the general jurisdiction of a court over the cause and the parties when before them." *Holmes* v. *Robinson,* 4 Ohio, 90.

"The power to set one judgment against another is an inherent one, and the equitable power which the common-law courts originally possessed." *Burns* v. *Thornburgh,* 3 Watts, 78.

"The law of set-off *before* judgment is regulated entirely by statute. When the mutual claims of parties have passed into judgments, it is the practice of the courts to set off one judgment against the other. This practice does not rest on any statute but upon the general jurisdiction of courts over the suitors in them." *Chandler* v. *Drew,* 6 N. H. 469; 26 Am. Dec. 704, and note.

The inherent power of the court to set off, upon motion, one judgment against another, is recognized in Wait's Actions and Defenses and the authorities there cited. 7 Wait's Actions and Defenses, p. 525.

The principle is also recognized by the supreme court of the United States. In *Blount* v. *Windley,* Mr. Justice Miller says: "The courts of common law have long established the principle of set-off as applicable to mutual judgments in the same court. And it is said that this power of setting off judgments, not only in the same court, but in different courts, did not depend upon the statutes of set-off, but upon the general jurisdiction of the court over its suitors. See *Barker* v. *Braham,* 2 Bl. R. 869; *Mitchell* v. *Oldfield,* 4 T. R. 123; 3 Caines' cases 190." *Blount* v. *Windley,* 95 U. S. 173-180.

SLOAN, J.—On the ninth day of September, 1886, in the district court in and for the county of Pima, George T. Martin recovered judgment against Wells, Fargo & Company's Express in the sum of $1,848.35. Afterwards, and pending a motion for a new trial, Martin remitted the sum of $319.35 of said judgment, leaving $1,529 as the judgment in force. This judgment was appealed from by Wells, Fargo & Com-

pany's Express, and affirmed in this court February 15, 1889, *ante,* p. 57, 20 Pac. 673. On the ninth day of October, 1886, while the motion for a new trial was still pending, and before the appeal was taken, Martin assigned his judgment to one H. D. Underwood by an instrument in writing which reads as follows: "In the district court of the first judicial district in and for the county of Pima. George T. Martin vs. Wells, Fargo & Company's Express, a corporation. Judgment docketed for $1,529, net, and costs. For value received, I hereby assign, transfer, and set over the above-mentioned judgment to H. D. Underwood, of Tucson, A. T., with orders to pay the following amounts, viz.: C. H. King, $125.00; Geo. L. Hood, $125.00; A. B. Sampson, $100.00,—allowing all lawful proceedings therein, saving the said H. D. Underwood harmless and from any costs in the premises. In witness whereof I have hereunto set my hand and seal this 9th day of October, 1886. Geo. T. Martin." Afterwards, on the twentieth day of October, 1886, Wells, Fargo & Company's Express obtained judgment in the county court of said county of Pima against said George T. Martin in the sum of $1,828.50. On the second day of March, 1889, after the judgment in the suit of Martin against Wells, Fargo & Company's Express had been affirmed in this court, said Wells, Fargo & Company's Express filed its motion in said district court to set off the two judgments. At the hearing, Underwood, as the assignee of the Martin judgment, appeared and resisted said motion. After hearing the proofs offered, the court allowed the motion, and granted the set-off. From this order Underwood appeals to this court.

Both judgments, at the time the order was made, were among the records of said district court, as we take judicial notice that, by an act of the legislative assembly approved March 2, 1887, the county court in which the judgment against Martin was rendered was abolished, and its records transferred to and made part of the records of said district court. The power of a court of law, in a proper proceeding, to set off one judgment against another, when the demands remain mutual, is undoubted. It does not depend upon any statute, but rests upon the general jurisdiction of a court over its judgments and its suitors when before it. The practice is so ancient and well established that it is now regarded as one of the inherent

powers of a court of law.   The exercise of this power rests
within the discretion of the court, and its action is therefore
not ordinarily subject to review, and will only be disturbed
when it appears that it has operated to the injury of third
parties, or when for some other reason it appears that there
has been a manifest abuse of discretion.

But one question is presented by the record in this case,
and that is whether or not it appears that the setting off of the
judgment obtained by Wells, Fargo & Company against the
judgment obtained by Martin has operated to deprive Under-
wood of any right he may have had by virtue of the assign-
ment to him of the Martin judgment.   Without a statute, a
judgment is assignable only in equity.   Such an assignment
carries with it all existing equities, including the right of set-
off between the assignor and the judgment debtor.   Not only
does the assignment carry with it all existing equities, but
also any which may thereafter arise between the assignor and
the judgment debtor before notice of the assignment to the
latter which might be urged by the latter as a proper set-off
to the judgment.   The only statute upon the subject of assign-
ment of judgments, as well as other non-negotiable choses in
action, in force at the date of the assignment of the Martin
judgment to Underwood, was section 5 of chapter 48, Compiled
Laws, which provided that, "in case of an assignment of a
thing in action, the action of an assignor shall be without
prejudice to any set-off or other defense existing at the time
of or before notice of the assignment," and which simply ex-
pressed what was the equitable doctrine of assignments in the
absence of a statute.   The assignment of the Martin judgment
was made on the ninth day of October, 1886.   Without ex-
pressing any opinion as to whether this assignment from its
terms was anything more than an assignment for the benefit
of certain creditors named therein, we will, however, assume
that it was an absolute assignment for value, subject, however,
to such equities as an assignment of a non-negotiable chose in
action carries with it.   Was there, then, on the date of the
assignment, any existing equity in the way of a right of
set-off between Martin and Wells, Fargo & Company?   If so
then the assignment to Underwood carried with it such equity.
The bill of exceptions purports to contain all the evidence ad-

duced at the hearing of the motion. It sets forth that the judgment obtained by Wells, Fargo & Company, and set off against the judgment obtained by Martin and assigned to Underwood, was rendered on the twentieth day of October, 1886. When the demand arose which was the basis of this judgment does not appear. It is fair to presume that, if it was a liquidated demand at the time of judgment rendered in the suit of Martin, it would have been set off in that action. If it was unliquidated it could not have been set off until it ripened into judgment, and hence could not have constituted an existing equity at the date of the assignment. If, then, no equitable right of set-off existed at the date of the assignment, it becomes important to know in this connection whether any existed before Wells, Fargo & Company's Express had notice of the assignment. There is no evidence as to whether or not the corporation had such notice. Underwood attempted, long after the judgment obtained against Martin had been entered, to give constructive notice by filing and recording his assignment in the county recorder's office of Pima County. Even had it not been after the right of set-off unquestionably arose between the original parties interested, this did not amount even to constructive notice, inasmuch as no law provided for the recording of such assignments. Underwood having appeared in the court below to resist the motion upon the ground that he was the equitable owner of the judgment, and upon the face of the record Martin still appearing to be the owner thereof, it seems to us that the burden rested upon Underwood to show that Wells, Fargo & Company's Express had notice of the assignment before judgment was obtained by it against Martin, when the right of set-off must unquestionably have existed had no assignment been made. We are aware of the case of *Graves* v. *Woodbury,* reported in 4 Hill, 559, 40 Am. Dec. 296, which seems to assert a contrary doctrine, and to hold that, when a judgment debtor seeks to set off, as a claim against his judgment creditor, a judgment which has been assigned without notice to him, to entitle him to the remedy he must show, that, by reason of want of notice, he has been injured thereby. We see no reason or justice in this rule, nor does it comport with the section of the statute which we have quoted above. The judgment debtor is certainly entitled to notice so

that he may thereafter be put upon his guard against dealing with the assignor, or perhaps obtaining other demands against him on the belief that the assignor is still his creditor. If this is not done, he is entitled to be protected. It being the duty of the assignee to give notice to the judgment debtor of the assignment, in order, therefore, to defeat the right of set-off between the judgment debtor and his assignor which the former seeks to enforce against the judgment the assignee must show that he gave the judgment debtor notice, or that in some way the latter had actual notice of the assignment before the right originated. There being no proof that Wells, Fargo & Company's Express had notice of the assignment of the Martin judgment before obtaining judgment against Martin, we cannot, therefore, find that the court erred in setting off the two judgments, and its judgment is therefore affirmed.

Gooding, C. J., Kibbey, J., and Wells, J., concur.