[Civil No. 2094.   Filed May 15, 1923.]

[215 Pac. 510.]

CHARLES W. FAIRFIELD, State Auditor, Appellant, v. W. J. CORBETT HARDWARE COMPANY, Appellee.

1. STATES—ASSIGNMENT OF CLAIM AGAINST STATE WHERE NO EXISTING SET-OFF OR DEFENSE HELD VALID.—Where there was no existing set-off or defense to a claim against the state, when the claim was assigned to plaintiff with the approval of the board of regents of the State University, the assignment was valid under Civil Code of 1913, paragraph 402.

2. COLLEGES AND UNIVERSITIES—AUDIT AND APPROVAL OF CLAIM BY BOARD OF REGENTS OF STATE UNIVERSITY HELD CONCLUSIVE UPON STATE AUDITOR.—Under Civil Code of 1913, paragraphs 4472 and

4475, creating the board of regents of the State University as a body corporate, and empowering it to take and hold property in its corporate name and to make contracts and to sue and be sued thereon, and Laws of 1919, chapter 174, section 41, appropriating a fund to construct a university dormitory and giving the board sole control of the fund, it is the duty of the board to determine who is entitled to the money on its contracts and direct payment thereof, and it is answerable in its corporate name for violation of duty or breach of contract, and it is not subject to supervision in such matters by the state auditor who can only decline to draw a warrant for the payment of the claim allowed by the board, on the ground that it is not for a public purpose, under Laws of 1921, chapter 88, and hence the auditor was not authorized to withhold warrants for a claim for constructing the dormitory, even on the ground that the state had a set-off against the contractor which had been assigned with the approval of the board of regents.

3. ACCORD AND SATISFACTION—ACCEPTING PAYMENT OF PART OF UN-DISPUTED CLAIM HELD NOT AN ACCORD AND SATISFACTION BARRING SUBSEQUENT RECOVERY OF BALANCE.—The acceptance by the assignee of the payment of part of an undisputed claim against the state, on the auditor's refusal to give a warrant for the full amount because of a setoff in favor of the state against the insolvent assignor, was not a valid accord and satisfaction which precluded the assignee from recovering the balance in a subsequent *mandamus* action against the auditor.

4. PLEADING—ANSWER NOT SPECIFICALLY DENYING ALLEGATIONS OF COMPLAINT BUT STATING DEFENDANT'S VERSION OF TRANSACTION DID NOT RAISE ANY ISSUE.—Where an answer did not specifically deny the allegations of the complaint, but merely stated the defendant's version of the transaction, and, in so far as it stated a new agreement, was a mere conclusion of the pleader, it was insufficient to raise an issue.

5. EVIDENCE—COURTS TAKE JUDICIAL NOTICE THAT CONTRACTORS ARE BOUND TO GIVE AMPLE SECURITY FOR THE PERFORMANCE OF THEIR CONTRACTS.—The court is bound to take notice that, under the statute, bridge contractors are bound to give ample security for the performance of their contracts.

6. EVIDENCE—THERE IS NO PRESUMPTION THAT OFFICERS INTRUSTED WITH THE DUTY OF PROTECTING THE STATE HAVE NEGLECTED THEIR DUTY.—There is no presumption that officers intrusted with

---

3. Acceptance of partial allowance of claim as an accord and satisfaction, see notes in 5 **Ann. Cas.** 525; **Ann. Cas.** 1917A, 130; 42 **L. R. A. (N. S.)** 117.

See 1 C. J., p. 539; 11 C. J., p. 994; 22 C. J., p. 130; 23 C. J., p. 128; 26 Cyc. 235; 31 Cyc. 129; 36 Cyc. 903.

the duty of protecting the state by requiring contractors to fur-
nish ample security for the performance of their contracts have
neglected their duty.

7. MANDAMUS—STATES—IF CLAIM AUDITED AND ALLOWED HELD DUTY
OF AUDITOR TO ISSUE WARRANT, AND, IF HE REFUSE, DUTY IS EN-
FORCEABLE BY MANDAMUS.—After auditing and allowing a claim
against the state assigned to plaintiff, any discretion the auditor
may have had was thereby exhausted, and thereafter there re-
mained only the bare legal duty to draw his warrant for its
payment, and on his refusal *mandamus* was the proper remedy.

APPEAL from a judgment of the Superior Court of the County of Maricopa. R. C. Stanford, Judge. Affirmed.

Mr. W. J. Galbraith, Attorney General, Mr. George R. Hill, Assistant Attorney General, and Mr. F. C. Struckmeyer, for Appellant.

Messrs. Alexander & Christy and Mr. Hess Seaman, for Appellee.

LYMAN, J.—The superior court of Maricopa county, by its peremptory writ of *mandamus,* directed Charles W. Fairfield, as auditor of the state of Arizona, to issue warrants to W. J. Corbett Hardware Company for the sums of $2,578.11 and $2,701.51 respectively. From that judgment the auditor appeals, claiming, among other things, that the judgment in question is an encroachment upon his official prerogatives.

The appellee, W. J. Corbett Hardware Company, received by assignment from English & Pierce two claims arising under contracts for the construction of a building for the University of Arizona. These assignments were approved by the board of regents of the University on January 6, 1921, and May 23, 1921, respectively. Afterwards the assigned claims were allowed and audited by the board of regents of the University, and also by the state auditor. The

auditor, however, refused to issue any warrant in payment of portions of the claims, in the amounts above stated, upon the ground that English & Pierce, assignors of these claims, and said to be insolvent, were indebted to the state of Arizona for the said amounts upon a stated account, the date of which does not appear in the record, between them and the state engineer, growing out of some contracts between English & Pierce and the state of Arizona for the construction of bridges. The contracts out of which the stated account seems to have arisen were dated May 10 and July 9, 1920, respectively, and contain the provision that, in the event of default in the performance of these contracts by English & Pierce, and any costs and charges are incurred by the state engineer on that account, that such costs and charges "shall be paid for by the contractor or deducted from moneys due or to become due under this or any other contract with the state." It does not appear, however, that the appellee, W. J. Corbett Hardware Company, ever had notice of this provision of the contracts in question. The fund from which these assigned claims are payable was created by an appropriation by the legislature (section 41, c. 174, Sess. Laws 1919), in the following terms:

"For the construction of a men's dormitory in connection with the University of Arizona, in accordance with such plans as may be adopted by the board of regents of said University, there is hereby appropriated the sum of $145,000, to be levied during the year 1920, to be expended under the direction of the board of regents during the year ending June 30, 1921, the said sum to be placed by the state treasurer in a fund to be known as the men's dormitory building fund, out of taxes collected for the year 1920. The state auditor is hereby authorized and directed to draw his warrants on the state treasurer for all expenditures approved and allowed by the said board of regents under the provisions of this section, and

the state treasurer is hereby authorized and directed to pay such warrants out of the men's dormitory building fund.''

The state auditor conceives it to be his official duty to offset these claims which the state has against English & Pierce against the claims of W. J. Corbett Hardware Company upon the board of regents, by refusing to draw warrants for the Corbett claims. It is impossible to gather from the record when the claim of the state against English & Pierce became established. At the time when the board of regents approved the assignment of these claims from English & Pierce to W. J. Corbett Hardware Company there appears to have been no set-off or defense existing against them in favor of the state. The assignment to appellee was valid, and assented to by the board of regents at a time when no set-off existed in favor of the state. Rev. Stats. Ariz. (Civ. Code), par. 402; *Barnes* v. *Shattuck et al.,* 13 Ariz. 338, 114 Pac. 952; *Martin* v. *Wells Fargo & Co.,* 3 Ariz. 355, 28 Pac. 958; *Re William F. Wright,* 157 Fed. 544, 18 L. R. A. (N. S.) 193, 85 C. C. A. 206; *Bridgeford* v. *McAdoo,* 48 Cal. App. 305, 191 Pac. 1113.

In any event, the auditor was not authorized to withhold warrants from the appellee after its claim had been approved and ordered paid by the board of regents. The State University is governed by a board of regents, which for that purpose is created a body corporate (Rev. Stats. Ariz. [Civ. Code], pars. 4472 and 4475), empowered to take and hold property in its corporate name, and become a party to contracts upon which it may sue and be sued. Within the scope of its duties, it is supreme. The contract with English & Pierce for the construction of a building for University purposes was within the scope of its duty. This board was competent to receive notice of the assignment of the interest of English & Pierce in that contract, and was authorized to assent to it.

The fund out of which the claims of English & Pierce, or their assignees, were payable, was placed under the sole control of this board, both by the act of appropriation above quoted and by the laws of the state defining the powers and duties of the regents. It was a function of the regents to determine who was entitled to receive the moneys payable upon the contract price, and to direct the payment. These are necessary incidents of the board's contractual capacity, without which there could be no such capacity. If it violates the law, or breaks the contract, it is answerable in its own corporate name before the judicial tribunal having jurisdiction of the matter; but not subject to supervision in such matters by the state auditor. The only condition upon which the state auditor might decline to draw a warrant in payment of a claim allowed by the board of regents would be that the claim was not for a public purpose. Chapter 88, Sess. Laws Ariz. 1921. That condition does not exist in this case. The claim of appellee is admitted to have been incurred for a public purpose. Indeed, the auditor is seeking to avail himself of the proceeds for the purpose of satisfying a debt claimed to be due the state from English & Pierce.

The conclusive effect of the audit and allowance of a claim by the regents of the University was recognized in the case of *Callaghan* v. *Boyce,* 17 Ariz. 433, 153 Pac. 773. The statute governing the matter is, however, so clear and explicit as to require no construction. The act of 1919 is a mandate to the auditor in which he is—

"directed to draw his warrants on the state treasurer for all expenditures approved and allowed by said board of regents under the provisions of this section, and the state treasurer is hereby authorized and directed to pay such warrants out of the men's dormitory building fund."

So that when the auditor received an order from the board of regents to pay a claim which appears to be for a public purpose, he had no discretion in the matter. Much less has he the right to take money which has been appropriated for certain specific purposes, that is, for the use of the University, and transfer it to some other fund.

Judgment was rendered in this case upon the pleadings, after all legal objections raised to the complaint had been overruled, and demurrer to the answer for failing to state any defense was sustained. The answer makes no effective denial of any of the allegations of the complaint, but states affirmatively that the auditor—

"did at the same time transmit to said English & Pierce, or to their assignee, the plaintiff herein, the amount of the claim of said English & Pierce, or to their assignee, the plaintiff indebtedness due from said English & Pierce to the state of Arizona, and did advise the said English & Pierce, or its assignee, of his action in the premises, and that the said English & Pierce and its assignee, the plaintiff herein, did accept the said payments so made to the plaintiff, as such assignee, in full of the claim so presented by said English & Pierce to the state of Arizona, arising out of said University of Arizona contract, which said amount was paid to said plaintiff, as assignee, in full of said claims, and accepted by the plaintiff as payment in full of said claims so presented and allowed."

Aside from the apparent invalidity of the accord stated, because that portion of the claim paid was not disputed, and its payment could be no consideration for remitting the portion unpaid, the allegation is not so directly responsive to the positive allegations of the complaint as to raise an issue of fact. This portion of the answer, so far as it states any new agreement on the part of the appellee, is a mere conclusion of the pleader. The verification of such an

allegation is ineffectual for any purpose. At best it is but a counter statement to the allegations of the complaint, which are otherwise admitted to be true. Such an answer is generally held insufficient to raise an issue of fact. *Wood* v. *Whiting,* 21 Barb. (N. Y.) 190; *West* v. *Bank,* 44 Barb. (N. Y.) 175.

Appellant has the further objection that the operation of the writ of *mandamus* in this instance would work an injustice, because the state would be left without remedy to recover from English & Pierce, due to their insolvency. We are bound to take notice that under the statutes of this state English & Pierce were required to, and doubtless did, give ample security for the performance of their contracts for the construction of bridges, out of which any claim which the state might have, arising under said contracts, could be fully satisfied. No presumption will be indulged in that the officers invested with the duty of protecting the state in the premises have neglected to perform it. Whatever the consequences may be, however, neither the auditor nor the courts are permitted to impair the obligation of a contract. If the auditor had any discretion to exercise, he had already exhausted it by allowing and auditing appellee's claims. There remained after that only the bare legal duty to draw his warrant for their payment. The refusal of the auditor to perform this duty left the appellee no appropriate remedy other than *mandamus.* Rev. Stats. Ariz. (Civ. Code), par. 1554; *Callaghan* v. *Boyce,* 17 Ariz. 433, 153 Pac. 773.

The judgment of the superior court is affirmed.

McALISTER, C. J., and ROSS, J., concur.