[Civil No. 2426.  Filed June 2, 1926.]

[246 Pac. 543.]

COUNTY OF GREENLEE, a Corporation, and
W. J. COLLINS, as Treasurer of Said County
of Greenlee, Appellants, v. FRANK A. WEB-
STER, JAMES H. KERBY and GEORGE WEB-
STER, as the Administrator of the Estate of
REECE R. WEBSTER, Deceased, Appellees.

1. HIGHWAYS—VERIFIED STATEMENT OF ACCOUNT FILED BY ROAD CON-
TRACTOR WITH BOARD OF SUPERVISORS HELD SUFFICIENT BASIS FOR
ACTION FOR REASONABLE VALUE OF SERVICES AND MATERIALS (CIV.
CODE 1913, PAR. 2434).—Verified statement of account filed with
board of supervisors within time provided by Civil Code of 1913,
paragraph 2434, by contractor constructing county road, on which
recovery under road contract was reversed, was sufficient basis for
subsequent recovery of reasonable value of services and materials.

2. HIGHWAYS—FAILURE TO FILE CLAIM FOR REASONABLE VALUE OF
WORK AND MATERIALS FURNISHED IN CONSTRUCTION OF COUNTY
ROAD AFTER FILING OF VERIFIED ACCOUNT ON CONTRACT, IF ERROR,
WILL BE OVERLOOKED (CIV. CODE 1913, PAR. 2434; CONST., ART.
6, § 22).—Failure to file claim for reasonable value of services
and materials furnished in constructing county road after verified
account had been filed within time prescribed by Civil Code of
1913, paragraph 2434, on which recovery under the contract was
reversed, if error, will be overlooked under Constitution, article 6,
section 22.

3. COUNTIES — STATUTE HELD NOT TO LIMIT RIGHT OF CLAIMANT
AGAINST COUNTY TO CHANGE PLEADINGS AT ANY TIME BEFORE
GENERAL LIMITATION HAS RUN (CIV. CODE 1913, PAR. 2439).—
Civil Code of 1913, paragraph 2439, requiring action to be
brought against county within six months after rejection of claim,
does not limit right of claimant to amend or change his plead-
ings to conform to facts at any time before general limitation
fixed by statute had run.

4. LIMITATION OF ACTIONS—CONTRACTOR IS NOT BARRED FROM AMEND-
ING IN ACTION AGAINST COUNTY BROUGHT WITHIN SIX MONTHS
AFTER REJECTION OF CLAIM (CIV. CODE 1913, PAR. 2439).—Con-
tractor suing county on his contract for amount due in construct-
ing road within six months after rejection of claim as required
by Civil Code of 1913, paragraph 2439, is not barred from there-
after amending to seek recovery on *quantum meruit*.

5. HIGHWAYS—COUNTY RECEIVING BENEFITS OF IMPROVEMENT IS LIA-
BLE FOR REASONABLE VALUE THEREOF, THOUGH WORK WAS DONE
IN GOOD FAITH OUTSIDE CONTRACT (CIV. CODE 1913, PAR. 5124).
Under Civil Code of 1913, paragraph 5124, authorizing board of
supervisors to construct road without contract, county receiving
benefits of plaintiff's expenditures in construction of road, made
in good faith, is liable for reasonable value of improvement,
though work was done outside plaintiff's contract, of character
more difficult and expensive than called for by plans.

6. INTEREST—INTEREST ON UNLIQUIDATED DEMAND AGAINST COUNTY IS
ALLOWABLE FROM TIME OF COMMENCEMENT OF ACTION.—Interest
on unliquidated demand in *quantum meruit* against county for
road construction is allowable from time of commencement of ac-
tion and not from date of filing demand.

See (1) 29 C. J., p. 613, n. 84.   (2) 29 C. J., p. 613, n. 84.   (3)
15 C. J., p. 668, n. 21.   (4) 37 C. J., p. 1070, n. 95.   (5) 29 C. J.,
p. 610, n. 23.   (6) 17 C. J., p. 919, n. 5.

APPEAL from a judgment of the Superior Court
of the County of Maricopa. Fred C. Struckmeyer,
Judge. Modified and affirmed.

Mr. H. Earl Rogge, Mr. H. A. Elliott and Mr.
Dave W. Ling, for Appellants.

Messrs. Barnum & Flanigan, for Appellees.

ROSS, J.—This suit is against the county for a
claimed balance for road construction. This is the
second time the question of the contractors' right to
recover has been presented to this court. A ref-
erence to our former opinion (25 Ariz. 183, 215
Pac. 161) will disclose the facts out of which the
controversy grows.

The appellees, to whom we shall refer as plain-
tiffs, on March 17, 1919, entered into a written
contract with the defendant to do certain road
construction according to plans and specifications,
said contract being awarded plaintiffs as the lowest
responsible bidders after the statutory advertisement
for bids. Under the contract, payments for the work

done and materials furnished were to be upon the basis of the unit bid price for each class of work and material. The contract provided that the contractors should be paid for "extra work" upon the cost-plus plan when not covered by any of the various items or combination of items for which there was a bid price, but before the contractors could recover for such extra work it was required that it be ordered in writing by the defendant's engineer and the price therefor agreed to in writing by the engineer and contractors.

The work over which the dispute arises was designated by the contractors, both in their claim as filed with the board of supervisors and in their contract, as "extra work," and was itemized at actual cost plus fifteen per cent, as called for in the contract.

In our former opinion we held that plaintiffs could not recover on the basis of cost plus, for two reasons: (1) The work was not done under written order of the engineer, and the prices for services not covered by unit price were not agreed upon before the work was done or material furnished as provided in the contract; (2) that the cost-plus feature of the contract found no sanction in the law. We further held that the provisions of the contract providing for alterations in plans and specifications did not authorize the changes made, and that the changes were so radically different from the location of the road as advertised and bid upon as not to be within the terms of the contract. We said plaintiffs' cause of action, as disclosed by the facts, "if anything, (was) a cause of action on *quantum meruit* and *quantum valebat* and not upon contract," reversed the judgment, which was in favor of plaintiffs, and remanded the case for further proceedings.

Upon the return of the case to the superior court the plaintiffs amended their complaint by alleging

a cause of action for the reasonable value of the labor and materials in doing the construction in the new location of the road caused by the changes in plans and specifications. The defendant county filed several special demurrers to the amended complaint, the overruling of which is assigned as error. Some of the questions raised by demurrers were disposed of in our former opinion, and those we shall not discuss.

In both trials the plaintiffs were awarded judgments, and in the present appeal no question is made of the sufficiency of the facts to support and justify the judgment if the law will permit it. The only questions urged as grounds for reversal are questions of law.

Before the first action was brought plaintiffs made out and filed with the board of supervisors a verified statement of account against the county, stating minutely what their claim was for and specifying each several item and the date and amount thereof. This claim was filed with the board of supervisors within the time provided by law (paragraph 2434, Civ. Code 1913), and before the expiration of the six months after its disallowance the plaintiffs, as the statute requires, brought suit thereon, and, as before stated, based their cause of action upon the contract. No other claim as for *quantum meruit* and *quantum valebat* was ever filed with the board, and this appears upon the face of the amended complaint.

It is contended by defendant that a claim for the reasonable value of work and material should have been presented to the board of supervisors for consideration and allowance or disallowance, and, that act not having been performed, the statutory requirements to that effect (paragraphs 2434 and 2439, Civ. Code), had not been complied with and the suit must fall.

It is obvious that if this contention is right the plaintiffs are out of court, for at the time the case was remanded, with directions, the time for filing a claim or demand against the county had long since expired. But we think this contention ought not to prevail. The account as filed and acted upon by the board of supervisors exhibited in great detail all of the items and the actual cost, and it might very well have been made in the original complaint the basis of a cause of action for reasonable value. The officers and agents acting for the county and the plaintiffs misconceived the rule that should have governed them in arriving at a correct and legal basis of adjusting compensation for pieces of work done outside the terms of the contract, but at that the claim of plaintiffs was not so materially different from what it would have been upon a demand for the reasonable value of the services and material. The point made seems to us rather technical. It pertains to the procedure and not to the merits of the case. It is, if error at all, of that kind that the courts are admonished by the fundamental law (article 6, § 22, Const.) to overlook in the dispensing of justice.

It is next contended the amended complaint stated a new cause of action, and, not having been filed within six months after the final action of the board of supervisors upon the claim, is barred by the statute. Paragraph 2439, Civil Code. This paragraph provides that:

"A claimant dissatisfied with the rejection of his claim or demand, or with the amount allowed him on his account, may sue the county therefor at any time within six months after final action of the board, but not afterward. . . . "

The plaintiff complied strictly with this provision by promptly instituting suit after the demand was rejected. There is no implication in the language of the statute against a change of the form of action

or suit if instituted before the expiration of the six months. The claimant is only required to "sue" within the six months. It seems clear this statute was not intended as a limitation upon the right of the claimant to amend or change his pleadings to conform to the facts at any time before the general limitation as fixed by statute had run.

It is also contended that the county is not liable on any theory for the reasonable value of the work and materials that went into the pieces of road construction that fell without the terms of the written contract. This contention is based upon the proposition that the board of supervisors, being creatures of the law, can exercise no powers nor enter into any contract binding the county except such as the law expressly or by necessary implication authorizes, and a good many cases are cited to that effect, with which we have no quarrel. It is, however, further contended that the county may not be held for work and materials furnished it even though for a public improvement which the board is authorized to make, unless the board has followed in letting the improvement the prescribed forms of the law. In some jurisdictions the courts have so held, but we believe the sounder rule, and the one followed by many other courts, is the one stated in *Hill County* v. *Shaw & Borden Co.,* 225 Fed. 475, 140 C. C. A. 523, as follows:

"It is a doctrine of the courts, however, now well established, that sanction will be given a cause of action proceeding as for *quantum meruit,* or for recovery of property or in trover, where the property has been converted, aside from the contract and independent thereof, where the contract is merely *malum prohibitum,* not *malum in se* nor involving moral turpitude, and does not contravene public policy, and where the statute imposes no penalty for its infraction. This upon the principle that the courts will always try to do justice between the parties where they can do so consistently with adherence to law."

The Hill County case quotes from *Marsh* v. *Fulton County,* 10 Wall. (U. S.) 676, 19 L. Ed. 1040, this language:

"The obligation to do justice rests upon all persons, natural and artificial, and if a county obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation."

The text in 15 Corpus Juris, section 256, on the question of the liability of a county upon an implied contract is stated as follows:

"The reasonable value of services rendered or materials furnished by virtue of statutory authority, but without any express contract as to compensation, may be recovered; and in a number of cases it is held that, in the absence of an express contract, or on the failure of an express contract, which was within the range of the county's contractual powers, but which is unenforceable on account of some irregularity in its making or letting, a recovery for money, labor, or materials furnished may be had as on an implied contract, or for conversion, where the county has possessed itself of property and has appropriated it so that it cannot be returned in kind."

7 Ruling Case Law, 946, section 22, gives this statement of the rule:

"It is a general principle of almost universal application that whenever a county has power originally to do a particular thing, it also has the power to ratify and make valid an attempted effort to do such thing, although the same may have been done defectively, informally, and even fraudulently, in the first instance."

Under paragraph 5124, Civil Code, the board of supervisors had the right and authority to do, or cause to be done, the improvement or road construction that was done. It was optional with the board to do it by "wage system" or to contract it as was attempted. The board is given the power under

such statutes to reject all bids and "construct said work under their own supervision, without contract." The county has received the benefits of plaintiff's expenditures of money and labor and secured a permanent improvement which its board of supervisors had a right to make, but in making which the prescribed forms of the law were unintentionally violated. Under such conditions, we think no court would be justified in holding the county not liable for the reasonable value of such improvement, ascertained and determined by a trial of the issues in a court of justice. Its obligation to do justice by compensating the plaintiffs, who in good faith did work outside of their contract of a character more difficult and expensive than that called for by the plans and specifications and of which it received the benefit, is as great as that of an individual or business corporation, and we find no legal impediment in requiring it to do so.

Finally, complaint is made of the allowance of interest on the amount of the judgment from the date of filing the first demand against the county, June 7, 1920, it being contended that plaintiffs' demand was unliquidated, and on such demands interest can be charged only from date of judgment. Whatever the rule in other jurisdictions, this court has adopted the rule of allowing interest upon unliquidated demands "from the time of the commencement of the action." *Fidelity, etc.,* v. *California-Arizona Co.,* 21 Ariz. 172, 186 Pac. 502. The record shows that suit was begun on November 27, 1920. Interest should have been allowed from that date and not the date of filing demand against the county.

The judgment should be modified to conform with the above rule, and, as so modified, affirmed, the appellants to recover the costs of this appeal. It is accordingly so ordered.

McALISTER, C. J., and LOCKWOOD, J., concur.