[Civil No. 3361. Filed January 15, 1934.]

[28 Pac. (2d) 622.]

YUMA COUNTY, a Municipal Corporation, Appellant, v. E. L. HANNEMAN, Appellee.

Mr. Glenn Copple and Mr. A. J. Eddy, for Appellant.

Mr. William H. Westover, for Appellee.

LOCKWOOD, J.—This is an appeal by Yuma county, hereinafter called defendant, from a judgment in favor of E. L. Hanneman, hereinafter called plaintiff. The facts necessary for the determination of the appeal are not seriously in question and may be stated as follows:

Plaintiff on October 19, 1932, filed his complaint for goods, wares, and merchandise which he alleged his assignor had sold to Yuma county. Summons was duly issued and served upon defendant on the 20th of October. No appearance or answer was made by defendant up to the 12th of November, and on that date a default was regularly entered by the clerk of the superior court of Yuma county. Thereafter and

on the seventeenth day of November evidence in support of his complaint was presented to the court by plaintiff and a judgment rendered in his favor on November 18th. On the same day, but shortly after the rendition of the judgment, defendant moved to set aside the default and judgment entered thereon and tendered a demurrer and answer. The motion was denied, whereupon defendant filed a motion for new trial, and after it was overruled this appeal was taken.

No objection is made to the action of the trial court in refusing to set aside the default and judgment and permit defendant to answer, and we must assume that its action in that respect is admitted by defendant to have been correct.

There are some seven assignments of error, but on the state of the record as above set forth there are but two questions for our consideration. The first is whether or not the complaint states a cause of action against Yuma county, and the second is whether, if it does, the evidence supports the judgment rendered. If these two questions are answered in the affirmative, the judgment must be sustained. If either one of them requires a negative reply, it should be reversed. The complaint is on two causes of action and is somewhat lengthy, but, in order to consider the questions presented, we need merely summarize it. It sets up in substance, in addition to formal matters, that the defendant Yuma county, at various times specified in the complaint, purchased from plaintiff's assignor, the Service Laboratories of St. Joseph, Missouri, various goods, wares and merchandise at an agreed price which were duly delivered to defendant and retained and used by it. Some of these separate sales were in value more than $100, some amounted to less. It further states that the Service Laboratories within the time required by statute presented to the clerk of the board of super-

visors its verified demand for the amount of the purchase price agreed upon for each item, and, after setting up various reasons for delay in the action of the board on part of the claims, alleges that finally each and all of them were disallowed.

It is urged by appellant that, where it is necessary to present a claim against a county for allowance before suit can be brought thereon, the complaint in such suit must allege the presentation of a valid claim within the time prescribed, show that it is itemized and verified in the manner provided by statute, and that the original contract was entered into strictly in conformity with law.

We have held in the case of *Yavapai County* v. *O'Neill,* 3 Ariz. 363, 29 Pac. 430, that no action will lie against a county on a claim until after it is presented for allowance. Section 781, Revised Code 1928, sets forth the manner in which a demand for a claim against a county shall be made in the following language:

"§ 781. Demand for claim against county. No payment shall be made from the treasury of the county except upon demand duly presented and allowed. Every person having a claim against a county, shall, within six months after the last item of the account accrues, present a demand therefor, in writing, to the board of supervisors of the county against which such claim or demand is held, verified by the affidavit of himself or agent, stating minutely what the claim is for, and specifying each item and the date and amount thereof, and that the claim and each item thereof is justly due. The board shall not consider any claim unless such demand therefor is presented within such time. Compensation due to jurors and witnesses, and official salaries shall be paid without the presentation of such claim."

From this it will be seen that the demand must (a) be presented within six months after its last item accrues; (b) be in writing; (c) verified by the claim-

ant or his agent; (d) state minutely what the claim is for; (e) specify each item and the date and amount thereof; and (f) state that the claim and each item is justly due. The statute does not require any reference to how the original contract was made. The allegations of the complaint are, so far as each particular demand is concerned, that (a) the defendant purchased and used the goods in question; (b) that they consist of certain specifically described articles; (c) that the purchase price was a stated amount for each item; and (d) that the written demand, duly presented to the clerk within the time fixed by the statute, was verified. The usual rule is that, when a judgment is rendered upon a default so that no demurrers, pleadings or answers have been filed against it, even though it might have been obnoxious to a specific or even to a general demurrer, if its direct averments reasonably imply the facts necessary to state a cause of action, the pleadings will be considered sufficient and will be liberally construed. *Crawford* v. *Pierse et al.,* 56 Mont. 371, 185 Pac. 315; *Aid* v. *Bowerman,* 132 Wash. 319, 232 Pac. 297. We think that under this rule an allegation setting up in detail the items for which claim is made, and that a verified demand was properly presented within the statutory time, should and will be construed as in substance an allegation that the demand was sufficient in form, in the absence of any timely objection to the pleading. Such being the case, the complaint did state a cause of action against the defendant county.

The next question is whether or not the evidence was sufficient to sustain the judgment. The only evidence received by the trial court was signed orders for part of the goods which were attached to the bills of lading therefor, and, in regard to the other items, a letter to plaintiff's assignor from the clerk of the board of supervisors which reads as follows:

"Office of the Board of Supervisors
"Yuma County
"Yuma, Arizona. December 30th, 1931.
"Service Laboratories, St. Joseph, Missouri.

"Gentlemen: Mr. Berman is now in our office regarding our long past due account amounting to $1277.26.

"Due to unforseen conditions our delinquent taxes have amounted to much more than we had expected causing us to be backward in meeting our obligations. I have taken this matter up with the Board and assure you that if you will follow the plan I have outlined herein the entire amount will be cleaned up in a very short time.

"I have given Mr. Berman thirteen Yuma County Demands and will ask you to divide the amounts up not to exceed $99.00 on each one, attaching thereto an invoice in the same amount. The Board meets every first and third Monday in each month and I will personally assure you if you will get these in to me by Special Delivery Air mail I will see that they are paid just as quickly as possible, by putting through as many as I can each meeting. I believe from conversations I have had with the Board that this entire amount will be cleaned up within eight or ten weeks.

"The next Board meeting is January 4th. No doubt you can return these to me by this date and at that time I will put as many of them through as I possibly can, and mail the warrants direct to you immediately.

"Thanking you for your courtesy, I am,
"Yours very truly,
"WM. B. LINDER,
"Clerk, Board of Supervisors."

We think this evidence was sufficient to prove that the goods in question were ordered and received and used by the defendant Yuma county, nor is it contended on this appeal that this is not true. The real objection is apparently that plaintiff did not affirmatively prove that the provisions of section 777, Revised Code 1928, were followed in the making of the original order, and that it is necessary that such

proof be made in order to maintain suit on a demand for goods sold and delivered to a county. This section reads as follows:

"* 777. *Contract for supplies and buildings; competitive bids.* All books, stationery, and supplies for county institutions for the ensuing year, and all erections of, repairs to and alteration in any county building exceeding in value the sum of one hundred dollars, shall be let by contract, after advertisement made for bids therefor for not less than ten days nor more than four weeks in the official paper of the county. Such advertisements shall state that sealed bids will be received at the office of the board of supervisors until a date therein named, the nature of the bids, and that specifications therefor may be seen at the office of said board; or, it may call for specifications and bids. The board shall let the contract to the lowest bidder, or may reject all bids and re-advertise."

If a county cannot be compelled to pay for goods which it is authorized to purchase and which it does purchase and use, merely because all the formalities of law have not been complied with in the making of the original order, the contention of appellant is doubtless true. We have, however, had an analogous question before us in the case of *Greenlee County* v. *Webster,* 30 Ariz. 245, 246 Pac. 543. In that case the original contract for certain road work was entered into strictly in accordance with law, but certain extra work was done on the job in a manner not provided for in the contract and was agreed to be paid for on a basis not authorized by law, and further the work done was radically different from that advertised for and bid on when the original contract was let. The contention in that case, as in this, was that the county was not liable because the work was not contracted for according to law. We stated as follows:

" . . . It is, however, further contended that the county may not be held for work and materials furnished it even though for a public improvement which the board is authorized to make, unless the board has followed in letting the improvement the prescribed forms of the law. In some jurisdictions the courts have so held, but we believe the sounder rule, and the one followed by many other courts, is the one stated in *Hill County* v. *Shaw & Borden Co.,* 225 Fed. 475, 140 C. C. A. 523, as follows:

" 'It is a doctrine of the courts, however, now well established, that sanction will be given a cause of action proceeding as for *quantum meruit,* or for recovery of property or in trover, where the property has been converted, aside from the contract and independent thereof, where the contract is merely *malum prohibitum,* not *malum in se* nor involving moral turpitude, and does not contravene public policy, and where the statute imposes no penalty for its infraction. This upon the principle that the courts will always try to do justice between the parties where they can do so consistently with adherence to law.' . . .

"The county has received the benefits of plaintiffs' expenditures of money and labor and secured a permanent improvement which its board of supervisors had a right to make, but in making which the prescribed forms of the law were unintentionally violated. Under such conditions, we think no court would be justified in holding the county not liable for the reasonable value of such improvement, ascertained and determined by a trial of the issues in a court of justice. Its obligation to do justice by compensating the plaintiffs, who in good faith did work outside of their contract of a character more difficult and expensive than that called for by the plans and specifications and of which it received the benefit, is as great as that of an individual or business corporation, and we find no legal impediment in requiring it to do so."

Proof of the price an article was actually sold for is always admissible on the question of the reasonable value thereof, though it is, of course, not

conclusive. 22 C. J. 185 and cases cited. We think, therefore, that, in the absence of any objection made at the trial, the evidence admitted was sufficient to sustain a judgment in favor of plaintiff. It is urged that this rule might allow collusion between the authorities of the county and a claimant to cause the payment of an illegal contract. It is always possible that under any circumstances public officers might fraudulently conspire to defeat the interests of the public, but we cannot presume that such will be their action. *Hunt* v. *Campbell,* 19 Ariz. 254, 169 Pac. 596; *Fairfield* v. *Corbett Hardware Co.,* 25 Ariz. 199, 215 Pac. 510.

For the foregoing reasons the judgment of the superior court of Yuma county is affirmed.

ROSS, C. J., and McALISTER, J., concur.