[Civil No. 3973. Filed June 27, 1938.]

[80 Pac. (2d) 695.]

TOWN OF HOLBROOK, Navajo County, Arizona, Appellant, v. JAMES B. GIRAND, Appellee.

Mr. W. E. Ferguson, for Appellant.

Mr. H. S. McCluskey and Mr. Guy Axline, for Appellee.

LOCKWOOD, J.—This is an action by James B. Girand, hereinafter called plaintiff, against the town of Holbrook, a municipal corporation hereinafter called defendant. Judgment was rendered in favor of plaintiff for the sum of $1,200, and defendant appealed.

The facts as shown by the record may be stated as follows: The town of Holbrook, during the year 1933, became interested in securing funds from the Public Works Administration, hereinafter called the PWA, to improve its water system. Learning of this fact, plaintiff, on October 9th of that year, wrote to the city clerk suggesting that he be employed to make the

application and do the necessary engineering work. After various exchanges of letters and telegrams between plaintiff and the clerk, defendant made application to the PWA for a combined loan and grant of $50,000. The application and all necessary details therewith were conducted by plaintiff, and he also made the preliminary survey required by the PWA before such loan would be made. On December 3, 1935, the loan having by that time been approved, defendant notified plaintiff that his services in connection with the work were no longer required. Up to then he had been paid the sum of $137, which he claims was only for out-of-pocket expenses, but which defendant insists was the entire amount which he was to be paid under his agreement with it. On May 21, 1937, plaintiff brought this action, alleging that the defendant

"in consideration of the plaintiff performing the said services of the said Town of Holbrook, agreed to compensate the plaintiff in the manner provided for under the rules and regulations of the Federal Emergency Administration of Public Works, and out of Federal Emergency Administration of Public Works funds allocated to the Town of Holbrook, if the said funds were obtained and made available; which said usual and customary fee for this work under Federal Emergency Administration of Public Works was and is the sum of Two Thousand Dollars ($2,000.00)."

He further alleged that he had accepted the employment under the terms of the agreement and performed all of the services required thereby up to the time of his discharge, and alleged,

"That the services rendered by this plaintiff, as aforesaid, were rendered with the knowledge and consent and at the request of the Mayor and Common Council of the defendant, Town of Holbrook, and were accepted by said defendant; and the said defendant received the benefits of said work; and at no time was this plaintiff, during the rendering of said services, as

aforesaid, advised by the said defendant, through any of its agents, servants or employees, or by its Mayor or Common Council, that the contract of employment was illegal or void, or that the defendant would not recognize the same as valid and binding; and that, by reason thereof, this plaintiff alleges that the defendant, in receiving the benefits of his services, thereby sanctioned and ratified said contract of employment; and that the sum due thereunder, as aforesaid, to this plaintiff from said defendant, is a legal charge and claim against said defendant."

The complaint concluded with the statement that demand had been made for compensation, as provided by the agreement, but that no payment had been made, and judgment was prayed for in the sum of $2,000.

Defendant set up, as a plea in bar, that sections 38 and 39 of ordinance number one of the Town of Holbrook read as follows:

"Sec. 38. The Town of Holbrook shall not be bound by any contract or become in any manner liable thereon, unless the same be made in writing, and duly authorized by the Council, with the approval of the Town Attorney, and signed by the Mayor and attested by the Town Clerk under the seal of the Town; but the Council may, by ordinance or resolution, or order, authorize any officer, committee or agent of the Town to bind the Town by contract not in writing for the payment of any sum of money not exceeding One Hundred Dollars ($100.00).

"Sec. 39. All claims against the Town shall be in writing and itemized and sworn to by the party presenting such claims, and must be certified to by the person ordering the goods or services, and filed with the Clerk on or before the regular meeting each month,"

and that no contract was ever entered into by defendant with plaintiff in the manner set forth in said ordinance. It then answered, denying that it made any agreement of the nature set up by plaintiff, and alleging that he was merely employed by it to do certain

preliminary work, for which he had been paid the agreed price. The plea in bar was denied, and the case then proceeded to trial on its merits before the court without a jury. Many letters and telegrams were introduced and much evidence was offered regarding the amount and value of the services. The theory of counsel for the defendant at all times was that the action was upon an express contract; that the evidence showed clearly that if any such contract did exist, it was entered into in a manner contrary to that set forth in section 38, *supra,* and that no recovery could, therefore, be had.

The complaint unquestionably declared upon an express contract, but during the trial of the case the record shows there was considerable doubt in the minds of counsel for plaintiff and of the trial court as to whether the action should be tried as one upon contract or *quantum meruit.* The judgment, when considered in the light of the questions asked by the trial judge during the trial, leads decidedly to the conclusion that it was based upon a *quantum meruit,* and not upon the express contract set up by plaintiff.

Assuming, for the sake of the argument, that the various documents and oral evidence show that defendant did agree to retain plaintiff to do certain work in connection with the proposed improvement of its water system and to pay him therefor the sum of $2,000, it is undisputed that such contract was not made in the manner required by the provisions of section 38, *supra.* What is the legal effect of this fact? Plaintiff relies on the rule we have laid down in *Hermance* v. *Public School Dist., etc.,* 20 Ariz. 314, 180 Pac. 442, that when a contract has been irregularly made by a municipal corporation, but has been approved by the conduct of the officers whose duty it was to make it, and services have been performed thereunder, it will be considered as ratified so as to make it

binding upon the corporation. Defendant, on the other hand, contends that the rule to be applied is that of *Collier, Inc.,* v. *Paddock,* 37 Ariz. 194, 291 Pac. 1000. Therein the city of Phoenix was alleged·to have entered into a contract granting certain advertising rights to plaintiff, Collier, Inc. The record shows the charter of the city required that contracts of this nature be entered into in a certain manner, and that this provision was not complied with. Therein we said (pp. 202, 203):

"If the lease had been accepted in merely an irregular manner, or the charter had contained no mandatory conditions regulating the specific method in which leases of its property should be entered into, it might be successfully contended that the City is estopped from denying the binding effect of its acts, the same as a private individual would be under the same circumstances. 43 C. J. 249, note 85; *City of Louisville* v. *Parsons,* 150 Ky. 420, 150 S. W. 498, 502. But where there has been no compliance whatever with such provisions the failure to follow them constitutes not merely an irregularity but action wholly without any validity or binding effect upon the City. To hold otherwise is to enforce contracts against the City which have not been entered into in accordance with the mandatory provisions of its charter and to permit this would result in depriving the City of the protection these were inserted to guarantee."

The question is whether the rule laid down in the Hermance case, or that in the Collier case, governs the present situation. We think the better rule is that a direct violation of an ordinance in regard to the manner in which a municipal corporation shall enter into a contract is not a mere irregularity, but a substantial defect, and that as a matter of public policy such a contract may not be enforced according to its terms.

. This does *not,* however, mean that a party who has entered into a contract in good faith with a munici-

pality and rendered valuable services thereunder is without remedy. In the case of *Greenlee County* v. *Webster,* 30 Ariz. 245, 246 Pac. 543, the question arose as to whether the county was liable for certain work done, when it was not contracted for according to law. Therein we said (p. 250):

" . . . It is, however, further contended that the county may not be held for work and materials furnished it even though for a public improvement which the board is authorized to make, unless the board has followed in letting the improvement the prescribed forms of the law. In some jurisdictions the courts have so held, but we believe the sounder rule, and the one followed by many other courts, is the one stated in *Hill County* v. *Shaw & Borden Co.,* 225 Fed. 475, 140 C. C. A. 523, as follows:

" 'It is a doctrine of the courts, however, now well established, that sanction will be given a cause of action proceeding as for *quantum meruit,* or for recovery of property or in trover, where the property has been converted, aside from the contract and independent thereof, where the contract is merely *malum prohibitum,* not *malum in se* nor involving moral turpitude, and does not contravene public policy, and where the statute imposes no penalty for its infraction. This upon the principle that the courts will always try to do justice between the parties where they can do so consistently with adherence to law.' "

And this rule was followed in the case of *Yuma County* v. *Hanneman,* 42 Ariz. 561, 28 Pac. (2d) 622. We think it does justice to both the municipality and the one who has in good faith performed services for it. The latter is paid the reasonable value of his services, and the municipality pays only for what it has actually received.

■ We hold, therefore, that under the law and the evidence plaintiff was entitled to recover from defendant the reasonable value of the actual services performed by him, but not the contract price therefor. The trial court found, in substance, upon evidence suffi-

cient to sustain its finding, that the reasonable value of the services actually performed was not $2,000, the contract price, but $1,200, and rendered judgment for that amount.

 It is urged that one may not sue upon an express contract and recover upon a *quantum meruit*. This is doubtless true for such would be a departure. Technically, therefore, the strictly logical action for us to take would be to reverse the case and remand it on the ground there was a variance between the pleading and the proof. But under our modern practice it is generally held that a complaint seeking to recover upon an express contract may be amended so as to ask for a recovery on *quantum meruit*, providing that it adheres to the same transaction in both cases. 49 C. J. 523, and note. The effect of a reversal by us would, therefore, be merely to cause plaintiff to file an amended complaint on *quantum meruit*, and a new trial would be held which would presumably reach the same result as the present one. It is generally held that in cases like this the court will not put the parties to the trouble and expense of going through what is, so far as the ultimate result goes, but an empty form. 5 C. J. S., Appeal and Error, p. 840, § 1680, and cases cited.

The judgment of the superior court is affirmed.

McALISTER, C. J., and ROSS, J., concur.