The **GAMEWELL COMPANY**, a corporation, Appellant,

v.

The **CITY OF PHOENIX**, a municipal corporation, Appellee.

**No. 13635.**

United States Court of Appeals, Ninth Circuit.

Jan. 3, 1955.

As Amended Jan. 13, 1955.

---

Henry E. Foley, Clarence I. Peterson, Lawrence A. Sullivan, Foley, Hoag & Eliot, Boston, Mass., Walter Linton, Mark

Wilmer, Snell & Wilmer, Phoenix, Ariz., for appellant.

Richard Fennemore, Walter E. Craig, Fennemore, Craig, Allen & Bledsoe, William C. Eliot, City Atty., City of Phoenix, Ariz., for appellee.

Before BONE and POPE, Circuit Judges, and YANKWICH, Chief Judge, District Court.

PER CURIAM.

Appellee seeks a rehearing urging among others two points: (1) that this court, in reversing the judgment on the counterclaim assumed that the contract here was entered into "in good faith", whereas no such finding of good faith was made by the district court, which alone may make such findings; and (2) that we should have remanded the cause for trial (a) of the question of good faith, and (b) of the question of the extent of the city's enrichment, that is to say, the actual value of the benefits received, so that if some amount over and above such benefits has been paid to Gamewell, the city may recover the overplus.

We think that the words "in good faith" used by the Supreme Court of Arizona in stating the rule which we adopted (also using the same words), mean no more than "in the absence of bad faith."[1] The Arizona cases which have followed the same rule disclose no requirement of positive proof or express findings of good faith as a prerequisite to recovery on quantum meruit. Green-

---

[1] "We think it [this rule] does justice to both the municipality and the one who has in good faith performed services for it. The latter is paid the reasonable value of his services, and the municipality pays only for what it has actually received." Town of Holbrook v. Girand, 52 Ariz. 291, 80 P.2d 695, 698, 118 A.L.R. 1203. The propriety of inserting some qualifying language is apparent when it is considered that these courts are often considering cases where nothing has yet been paid by the city and the contractor is seeking recovery of benefits upon a quantum meruit. Since the rule in such cases is that he must show that he is "in equity and good conscience" entitled to re- cover, and rules akin to those in equity must be applied, it is apparent that plaintiff must come into court with clean hands. Vincennes Bridge Co. v. Board of County Com'rs, 8 Cir., 248 F. 93, 99. See also City of St. Paul v. Dual Parking Meter Co., 229 Minn. 217, 39 N.W. 2d 174, 175. There is nothing here to charge Gamewell with any conduct such as would have barred its recovery in such a case under the clean hands maxim. We find no occasion here to determine whether to defeat recovery in that kind of case the "bad faith" must amount to fraud, or whether something less will bar the relief.

lee County v. Webster, 30 Ariz. 245, 246 P. 543; Yuma County v. Hanneman, 42 Ariz. 561, 28 P.2d 622; Town of Holbrook v. Girand, supra, note 1.

The history of the adoption of this rule confirms this view. When the Arizona court first chose to follow this rule in the Greenlee County case, supra, it expressly adopted the statement of the rule by this court in Hill County v. Shaw & Borden Co., 9 Cir., 225 F. 475. This court, in turn, followed Chapman v. Board of County Com'rs of the County of Douglas, 107 U.S. 348, 355, 2 S.Ct. 62, 69, 27 L.Ed. 378, where the underlying principle was stated to be: "'[T]he obligation to do justice rests upon all persons, natural and artificial, and if a county obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation.'"[2] In neither of the last two cited cases is there any suggestion that the contracting party's good faith must be found. Here the court has found as to the city to whom the statutory restrictions are addressed that "There is nothing in the record which indicates even remotely that those responsible for the award to Gamewell were impelled by any but the purest motive." The counterclaim makes no charge of bad faith. To the extent of the value of the benefits received the city is now without recourse against Gamewell.

We do think, however, that our opinion fails to make as clear as it might have done, that it is our view that Gamewell is entitled to retain no more than the reasonable value of the benefits received by the city. Therefore the opinion is amended so as to provide that the cause is remanded for a new trial upon the question whether Gamewell has received sums in excess of such benefits, and for which excess the city should recover, or whether, on the other hand, the city has received benefits in excess of the amounts paid, for which Gamewell should recover.[3] True the original pleadings did not frame this precise issue, but the parties should be permitted to amend their pleadings to this end should they be so advised.[4]

2. Cases supporting the view taken by this court, in addition to those previously cited are Boxwell v. Department of Highways, 1943, 203 La. 760, 14 So.2d 627, 631, and Smith v. Town of Vinton, 1949, 216 La. 9, 43 So.2d 18, 21–22.

3. The petition for rehearing discloses the city's contention that it may not be charged with materials delivered to the jobsite but not installed. It attempts to base this argument upon the terms of the written contract which it claims, and we have held, is not binding. We apprehend that what benefits the city has received is a question of fact to be determined apart from the language of the invalid contract.

4. Cf. United States Smelting Refining & Mining Co. v. Lowe, 338 U.S. 954, 70 S. Ct. 493, 94 L.Ed. 588, and Wiggins Ferry Co. v. Ohio & M. Railway Co., 142 U.S. 396, 415, 12 S.Ct. 188, 35 L.Ed. 1055.