389 So.2d 1249 (1980)
HOWELL F. DAVIS & ASSOCIATES, iNC., A fLORIDA cORPORATION, aPPELLANT,
v.
Ervin Laabs and Robert P. Dunkin, Appellees.
No. 80-174.
District Court of Appeal of Florida, Second District.
November 14, 1980.
*1250 Guy H. Amason, Jr., Fort Myers, for appellant.
Leslie T. Ahrenholz, Fort Myers, for appellees.
SCHEB, Chief Judge.
After hearing the plaintiff's evidence in a nonjury trial for breach of alleged oral contracts, the trial court denied the plaintiff's motion to amend its complaint to seek recovery for the reasonable value of its services. The defendants moved to dismiss the plaintiff's suit on the ground that the plaintiff had failed to establish that the defendants had promised to pay on the first alleged contract and had failed to establish the price and terms of the second alleged contract. The trial court granted the defendants' motion. We reverse.
Howell F. Davis & Associates, Inc., sued Ervin Laabs and Robert P. Dunkin for payment for professional services rendered to them. In Count I of its amended complaint, Davis alleged that it had entered into an oral agreement with Laabs and Dunkin, and that pursuant to that agreement it had furnished engineering and design services for a mobile home project called The Groves. On that project Davis alleged that it had rendered a bill for $19,334; that Laabs' and Dunkin's construction mortgagee had paid $14,307.25; and that a balance of $5,026.75 remained due. In Count II Davis claimed that pursuant to a separate oral agreement with Laabs and Dunkin concerning the Lazy Tide Apartments development, it was due $2,235 for having prepared a survey and having furnished other planning and design services.[1]
After Davis had presented its case, it rested subject to the right to present the testimony of an engineer who, according to Davis' proffer, would testify as to the reasonable value of the services Davis had rendered. At that point Laabs and Dunkin moved to dismiss Count I on the ground that Davis had failed to prove that Laabs had agreed to pay any sum and moved to dismiss Count II on the ground that there was no testimony as to the price and terms of the alleged oral agreement concerning the Lazy Tide Apartments project. The trial court granted Laabs' and Dunkin's motion to dismiss. The trial judge observed, "Had the complaint been one in quantum meruit I would have no problem." By this time Davis had moved to amend its pleadings to conform to the evidence it had proffered as to the reasonable value of its services. The court, however, denied the motion and entered final judgment for Laabs and Dunkin. Davis filed this appeal.
Davis' complaint did not allege that its oral contracts with Laabs and Dunkin incorporated fixed prices and terms. Rather, the thrust of its allegations was that it had rendered services as Laabs and Dunkin had requested, and that it claimed certain sums for those services.
Davis' amended complaint was not a model pleading. While it did not allege an implied promise on the part of Laabs and Dunkin to pay a reasonable sum for the value of the services rendered as it should have, still it stated a cause of action. It alleged a contract, that Davis had furnished services pursuant to the contract, a breach of the promise to pay by Laabs and Dunkin, and sought payment of specific sums. Thus, the complaint impliedly alleged that the sum claimed was reasonable compensation for the services Davis had rendered. Consequently, it stated a cause of action for the reasonable value of services rendered, *1251 and the trial court should have admitted evidence as to the reasonableness of the compensation sought.
If, on the other hand, the court concluded that an amendment alleging a claim for the reasonable value of services was required, it should have granted Davis' motion to amend the complaint to conform to the proof. See Town of Holbrook v. Girand, 52 Ariz. 291, 80 P.2d 695 (1938). Florida Rule of Civil Procedure 1.190(b) provides that parties should be freely allowed to amend their pleadings unless the party objecting to the amendment can show that the amendment will prejudice his case. See McNayr v. Cranbrook Investments, Inc., 158 So.2d 129 (Fla. 1963); Bradham v. Hayes Enterprises, Inc., 306 So.2d 568 (Fla. 1st DCA 1975). Laabs and Dunkin did claim that permitting an amendment would prejudice their case because they were not prepared to present evidence on the reasonable value of Davis' services. Since the complaint alleged a contract, the services rendered, and the specific sums due, Laabs and Dunkin should have been prepared to litigate the reasonableness of the amounts sought by Davis. And, of course, they could have learned any additional details through the discovery process. Thus, it is difficult to see how Laabs and Dunkin would have been prejudiced by granting Davis' motion to amend. Nevertheless, if the trial court was convinced that permitting an amendment would prejudice Dunkin and Laabs, it should have granted a continuance to enable them to prepare to litigate the reasonable value of Davis' services. Since this was a nonjury case, a continuance would not have affected that part of the trial already conducted.
Accordingly, we reverse and remand for further proceedings consistent with this opinion.
HOBSON and GRIMES, JJ., concur.
NOTES
[1] Davis' complaint included a third count in which it contended that Laabs and Dunkin owed it $100 for its having surveyed two lots for them. That count became moot, however, as Laabs and Dunkin tendered the $100 Davis claimed, and the court entered judgment accordingly.