GLICKSTEIN, Judge.
This is an appeal by the plaintiff from a final judgment entered in his favor, following a non-jury trial, in the sum of $1,139.27, together with interest of $137.00, and a subsequent order, awarding the defendant attorney's fees in the sum of $5,000 and costs of $1,479.78. We affirm in part, reverse in part and remand.[1]
Appellant initiated the present action by filing a four-count complaint. In Count I he alleged that the parties had entered into a written contract by the terms of which appellant agreed to provide all the materials and perform all the work necessary to construct a residence on appellee’s property in consideration of appellee’s payment to him of $72,000; and that he actually commenced furnishing labor, materials and services three months prior to the execution of the contract. He continued to furnish them, he alleged, for a period of over five months after execution of the contract, at which point appellee instructed appellant to halt construction and to remove himself from the property. Appellant alleged that he was due $8,850 in accordance with the contract, plus an additional $250 paid to a supplier, or a total of $9,100, and that he had filed a timely claim of lien which was contested by appellee. Thus, he sought a mechanic’s lien on the property.
In Count II appellant sought foreclosure of an equitable lien, alleging, in addition to the facts asserted hereinabove, that appellant was to be paid from a construction loan upon the property. He alleged that the funds therefrom had not been disbursed properly; that substantial funds, which were intended to inure to appellant’s benefit, remained undisbursed; and that in the absence of such lien, appellee would be unjustly enriched.
In Count III, appellant alleged that the parties entered into an oral contract which was subsequently confirmed by a written *1056 contract; and that appellee breached the contract. Appellant sought damages for the breach.
In Count IV, appellant asserted a claim based on quantum meruit. He alleged that, at appellee’s special instance and request, he performed construction and provided materials for appellee’s benefit upon the latter’s property, the reasonable value of which was $9,100, none of which was paid.
Appellee simultaneously served (1) an answer, asserting the claim of lien was fraudulent, denying the allegations of each count in the complaint, and moving to dismiss Count IV as repetitive of Count II; (2) an offer of judgment in the amount of $4,000 “inclusive of all costs incurred to date”; (3) an affirmative defense which again alleged the claim of lien to be fraudulent and added that the residence was not constructed in a proper and workmanlike manner; and (4) a counterclaim for payments of $1,400 towards appellant’s schooling, $930 on a truck, $1,250 to foremen working for appellant, and $1,950 on a horse bought by appel-lee. Twelve days later appellee voluntarily dismissed his counterclaim; and one week thereafter the trial court granted appellee’s motion to dismiss Count IV.
We agree with appellant’s contention that it was error for the trial court to dismiss Count IV and to deprive him of pursuing an alternative claim for relief based on quantum meruit at virtually the commencement of the action in violation of the express language of Florida Rule of Civil Procedure 1.110(g), which provides:
Joinder of Causes of Action; Consistency. A pleader may set up in the same action as many claims or causes of action or defenses in the same right as he has, and claims for relief may be stated in the alternative if separate items make up the cause of action, or if two or more causes of action are joined. A party may also set forth two or more statements of a claim or defense alternatively, either in one count or defense or in separate counts or defenses. When two or more statements are made in the alternative and one of them, if made independently, would be sufficient, the pleading is not made insufficient by the insufficiency of one or more of the alternative statements. A party may also state as many separate claims or defenses as he has, regardless of consistency and whether based on legal or equitable grounds or both. All pleadings shall be construed so as to do substantial justice.
The claim for relief based on quantum me-ruit was not repetitive of the count which sought enforcement of an equitable lien; and there was no attack made upon Count IV in appellee’s motion to dismiss based on its failure to state a cause of action.[2]
The trial court prematurely cut out what could have been the heart of appellant’s case by effectively compelling an election of remedies much sooner than was appropriate.[3] As a result, there was no foundation in the pleadings upon which to base testimony from which the court could have concluded entitlement to relief under this theory. Further, this court recently discussed the relationship between an express and an implied contract in Southern Bell Telephone & Telegraph Co. v. Acme Electrical Contractors, Inc., 418 So.2d 1187 (Fla. 4th DCA 1982). On remand, the trial court is undoubtedly going to be required to consider carefully the issues surrounding these contractual notions, as well as those relating to the relevancy of profit and overhead, none of which we desire to predetermine. Further, we recognize that all of this effort at the trial level which our decision requires may yet result in no further recovery for the plaintiff; but our only present concern is that he was deprived of a fair opportunity to prepare his case for and present it at trial. Our decision also compels a reversal *1057 of the award to appellee of its attorney’s fees and costs.
Appellee should have the opportunity to decide if it wishes to serve another offer of judgment in accordance with Florida Rule of Civil Procedure 1.442;[4] because, in essence, the posture of the case is being returned to that preliminary stage at which appellant shall be seeking compensation for his services as a contractor. Our view of the effect of an offer of judgment has been expressed most recently in Wimbledon Townhouse Condominium I Association v. Kessler, 425 So.2d 29 (Fla. 4th DCA Dec. 8, 1982). We further believe that section 713.-29, Florida Statutes (1981),[5] must be read in pari materia with Florida Rule of Civil Procedure 1.442 in any further award of attorney’s fees, following resolution of the dispute as to the amount to be paid, if any, for appellant’s services. Finally, on remand, regardless of whether appellant recovers an award for his services, he is still entitled to reasonable attorney’s fees and costs for the period terminating with the offer of judgment of May 8, 1981, as to the award for materials, which is no longer an issue.
This case points out a request for assistance that we respectfully wish to make to the trial judges of this district because, uncharacteristically for this trial judge, there were no findings of fact nor conclusions of law in the final judgment. Our request is that findings of fact and conclusions of law be included when it is reasonable and feasible to do so. We base this request on our responsibility to provide meaningful appellate review, which is made much more difficult in their absence.
HERSEY and HURLEY, JJ., concur.

. We affirm judgment only for the value of materials furnished. The dispute between the parties is really with respect to the amount to be paid, if any, for appellant’s services as general contractor, and we reverse and remand as to that.

. For a discussion about what is necessary to state a cause of action for quantum meruit, see Howell F. Davis & Associates, Inc. v. Laabs, 389 So.2d 1249 (Fla. 2d DCA 1980), and 98 C.J.S. Work and Labor § 45 (1957).

. See Rolf's Marina, Inc. v. Rescue Service & Repair, Inc., 398 So.2d 842 (Fla. 3d DCA 1981); and Cordell v. World Ins. Co., 358 So.2d 223 (Fla. 1st DCA 1978).

. Florida Rule of Civil Procedure 1.442 provides:
At any time more than ten days before the trial begins a party defending against a claim may serve an offer on the adverse party to allow judgment to be taken against him for the money or property or to the effect specified in his offer with costs then accrued. An offer of judgment shall not be filed unless accepted or until final judgment is rendered. If the adverse party serves written notice that the offer is accepted within ten days after service of it, either party may then file the offer and notice of acceptance with proof of service and thereupon the court shall enter judgment. An offer not accepted shall be deemed withdrawn and evidence of it is not admissible except in a proceeding to determine costs. If the judgment finally obtained by the adverse party is not more favorable than the offer, he must pay the costs incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by further proceedings, the party adjudged liable may make an offer before trial if it is served within a reasonable time, not less than ten days, before beginning of the hearing or trial to determine the amount or extent of liability. This rule shall not apply to actions or matters related to dissolution of marriage, alimony, nonsupport or child custody.

. Section 713.29 provides:
Attorney’s fees. — In any action brought to enforce a lien under part I, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney for trial and appeal, to be determined by the court, which shall be taxed as part of his costs, as allowed in equitable actions.