CONCRETE PRODUCTS COMPANY, A DIVISION OF GIBBONS & REED, a corporation, Plaintiff and Respondent,

v.

SALT LAKE COUNTY, a body politic, Defendant and Appellant.

No. 19771.

Supreme Court of Utah.

March 3, 1987.

David Yocum, Quentin L.R. Alston, Salt Lake City, for defendant and appellant.

Bryce E. Roe, Valden P. Livingston, Salt Lake City, for plaintiff and respondent.

DURHAM, Justice:

Salt Lake County appeals from a judgment holding it liable to Concrete Products for supplies Concrete Products delivered to a subcontractor working on a development in Salt Lake County. Concrete Products cross appeals from the trial court's denial of recovery on the theory of unjust enrichment. Salt Lake County is not liable to Concrete Products on either theory.

In 1976, a developer submitted a plan for a development in Salt Lake County to the Board of County Commissioners. Pursuant to county ordinance, the Commission offered the developer the option of completing the improvements or filing an escrow guaranteeing completion within two years. Salt Lake County, Utah, Rev. Ordinances § 19-5-2 (1967) (as amended 1979). The developer established the escrow and received approval for the development.

The developer dedicated certain areas of the development to the use of the public and recorded a plat map.

In May 1979, Concrete Products delivered $1,637.09 worth of supplies to a subcontractor who was putting curbs and gutters in the development. When Concrete Products was not paid for the supplies, it unsuccessfully sued the subcontractor and then sued Salt Lake County, alleging that Salt Lake County was liable because it had not required the contractor to post a bond guaranteeing payment to the subcontractors. This argument is premised on U.C.A., 1953, § 14-1-7,[1] which provides:

> Any public body subject to this act which shall fail or neglect to obtain the delivery of the payment bond as required by this act, shall, upon demand, itself promptly make payment to all persons who have supplied materials or performed labor in the prosecution of the work under the contract, and any such creditor shall have a direct right of action upon his account against such public body in any court having jurisdiction in the county in which the contract was to be performed and executed which action shall be commenced within one year after the ... [furnishing] of materials or labor.

(Bracketed material added by compiler.)

■ The foregoing statute, however, applies only when a bond is required by title 14. Concrete Products argues that the County was compelled by U.C.A., 1953, § 14-1-5[2] to require a bond. That section provides: "Before any contract for the construction, alteration, or repair of any public building or public work or improvement ... *is awarded* to any person, he shall furnish ... bonds which shall become binding upon the award of the contract...." (Emphasis added.) We agree with Salt Lake County that no contract was awarded by it to Concrete Products when the County approved the development. In *Breitling Brothers v. Utah Golden Spikers, Inc.*, 597 P.2d 869 (Utah 1979), we stated:

> For a contract to be "awarded" by the state, or other public institution, it must

be entered into as a result of a decision by the governing board or other authority charged with that responsibility.... [I]n order to bind the state, the requirements of the statute [requiring competitive bids] must be complied with....

*Id.* at 871 (footnote omitted). Salt Lake County did not award Concrete Products a contract to supply concrete to the development; it merely required the developer to install improvements or to guarantee their installation. Concrete Products had only a contract with a subcontractor to supply materials.

■ Concrete Products assigns error in the district court's decision not to award it damages for unjust enrichment. That theory is inapplicable. Unjust enrichment is a doctrine under which the law will imply a promise to pay for goods or services when there is neither an actual nor an implied contract between the parties. "The promise is purely fictitious and is implied in order to fit the actual cause of action to the remedy." *Rapp v. Salt Lake City*, 527 P.2d 651, 654-55 (Utah 1974). Three elements must be present before unjust enrichment may serve as a basis of recovery:

> [T]here must be (1) a benefit conferred on one person by another; (2) an appreciation or knowledge by the conferee of the benefit; and (3) the acceptance or retention by the conferee of the benefit under such circumstances as to make it inequitable for the conferee to retain the benefit without payment of its value.

*Berrett v. Stevens*, 690 P.2d 553, 557 (Utah 1984) (footnote omitted).

■ We do not think that Salt Lake County was unjustly enriched by Concrete Products' delivery of concrete for curbs and gutters to a third party. This case is distinguishable from that of *Breitling Brothers v. Utah Golden Spikers, Inc.*, 597 P.2d 869 (Utah 1979), in which we left for trial the issue of whether the State was unjustly enriched by remodeling work done by the plaintiff on a recreation facility owned by the State and intended as a revenue raising facility. No direct benefit, such as that demonstrated by the plaintiff

---

1. Repealed by 1980 Utah Laws ch. 75, § 5.

2. Repealed by 1980 Utah Laws ch. 75, § 5.

in *Breitling,* is present here. The County will raise no revenue from the curbs and gutters, nor will.it acquire a building with intrinsic value. Instead, it will incur the expenses of cleaning and maintaining curbs and gutters with no resale value or intrinsic economic worth.

Further, we think that the circumstances are such that it is not inequitable for Salt Lake County to retain whatever benefit it may have received from the materials delivered by Concrete Products. Indeed, the result argued for by Concrete Products would be inequitable, in that it would turn the taxpayers of Salt Lake County into guarantors for all materialmen working on private developments and would subvert the intent of county ordinances requiring developers to guarantee completion of improvements by shifting the burden of providing improvements from developers to taxpayers.

In short, we can find no reason why the law should imply a promise on the part of Salt Lake County to pay Concrete Products for materials it delivered to a third party. Because we find for Salt Lake County on the substantive issues, we do not address Salt Lake County's claim that Concrete Products has not complied with the Governmental Immunity Act.

Reversed in part and affirmed in part. Costs to appellant.