800 P.2d 50

**CREATIVE LEARNING SYSTEMS, INC., an Arizona corporation, Plaintiff/Appellant,**

v.

**STATE of Arizona, a body politic, Defendant/Appellee.**

No. 2 CA–CV 90–0003.

Court of Appeals of Arizona, Division 2, Department B.

Oct. 25, 1990.

Addis & Sherman, P.C. by Michael J. Addis, Tucson, for plaintiff/appellant.

Robert K. Corbin, Atty. Gen. by Fred W. Stork, III and William V. Hornung, Tucson, for defendant/appellee.

OPINION

ROLL, Presiding Judge.

Creative Learning Systems, Inc. (Creative Learning) appeals from the trial court's granting of summary judgment in favor of the State of Arizona in this action

to collect past due monies for the care and treatment of minor, N. For the reasons set forth below, we affirm.

## FACTS

N.'s parents are divorced. On October 1, 1986, N. was adjudicated delinquent and evaluation by several mental health experts followed. These experts concluded that N. required residential treatment. The court agreed. At the dispositional hearing, the trial court stated, "I think the question is going to boil down to—is the finances and how that's going to be done...." The juvenile court informed the parents that it did not have the funds available to pay for N.'s private placement and that if N. were to be placed at Creative Learning, they would be responsible for paying the cost thereof. N.'s father concurred with placement of N. at Creative Learning. The juvenile court informed N. that it was because of his parents' financial position that it was possible for him to be placed at Creative Learning. A minute entry of the juvenile court summarizing the conditions of probation stated that one condition was that N. "comply with all rules of Creative Learning where you are privately placed by your parents."

The November 4, 1986 minute entry of the dispositional hearing stated that N.'s father was ordered to pay $2,200 per month for N.'s placement at Creative Learning. On May 7, 1987, this same judge pro tempore ordered that N.'s father and mother pay Creative Learning $1,938 and $342 per month, respectively. On September 1, 1987, a different judge pro tempore issued a minute entry, stating that the May 7, 1987 order was retroactive to November 4, 1986, and finding both of N.'s parents in contempt of court for being in arrears to Creative Learning. On February 9, 1988, requests by N.'s parents to reduce their respective "assessments" were denied. A few weeks later, the juvenile

court issued an order stating that it had been without jurisdiction to order either parent to pay for placement. The order further stated:

> [T]he issue of placement had been privately arranged between the parties and Creative Learning and continues to be an issue between the parties.

N.'s parents have failed to pay $27,998.74 for goods and services furnished to N. by Creative Learning from November 13, 1986 to June 6, 1988.[1]

## PROCEDURAL HISTORY

In July 1988, Creative Learning filed a lawsuit against N.'s parents and the State of Arizona for the monies owed for N.'s care and treatment. Counts one and two pertained to N.'s parents only, while counts three, four, and five pertained to the state. Counts three through five alleged promissory estoppel, quantum meruit, and A.R.S. § 8-243 as the respective grounds for recovery against the state.

The state promptly filed a motion for summary judgment and Creative Learning filed a cross-motion. Creative Learning opposed the state's motion as to counts four and five only.[2] The trial court granted summary judgment for the state, ruling that there "is no action for quantum meruit against the state and the state has immunity from a claim as set forth in count four of plaintiff's complaint." In dismissing count five, the trial court ruled that A.R.S. § 8-243 was inapplicable.

## ISSUES ON APPEAL

On appeal, Creative Learning argues that the trial court erred in granting summary judgment as to counts four and five of the complaint. Creative Learning contends that quantum meruit recovery against the state is appropriate and A.R.S.

---

1. On March 17, 1987, N.'s father testified that he had gifted away $350,000 to a woman with whom he was living. On June 12, 1989, N.'s father had his debt to Creative Learning discharged in bankruptcy.

2. Accordingly, Creative Learning's claim of promissory estoppel has been abandoned. The record is devoid of any correspondence, either verbal or written, between Creative Learning and the juvenile court regarding N.'s care.

§ 8–243 obligates the state to reimburse Creative Learning.

### Summary Judgment

In reviewing summary judgment, this court views the evidence in the light most favorable to the party opposing the motion and all favorable inferences fairly arising from the evidence must be given to the opposing party. *Hill–Shafer Part. v. Chilson Family Trust*, 165 Ariz. 469, 472, 799 P.2d 810, 813 (1990); *Wisener v. State*, 123 Ariz. 148, 149, 598 P.2d 511, 512 (1979). "Summary judgment is appropriate where the record shows that there is no genuine dispute as to any material fact, that only one inference can be drawn from those facts, and that based upon the facts, the moving party is entitled to judgment as a matter of law." *Auto–Owners Ins. Co. v. Moore*, 156 Ariz. 184, 185, 750 P.2d 1387, 1388 (App.1988). If there are material facts upon which reasonable people could reach different conclusions, summary judgment is inappropriate. *Gulf Ins. Co. v. Grisham*, 126 Ariz. 123, 124, 613 P.2d 283, 284 (1980).

### a. Quantum Meruit Recovery

■ Whether the state is obligated under principles of quantum meruit to reimburse Creative Learning is a mixed question of fact and law and, accordingly, is reviewed *de novo. Tovrea Land and Cattle Co. v. Linsenmeyer*, 100 Ariz. 107, 114, 412 P.2d 47, 52 (1966); *Matter of Estate of Musgrove*, 144 Ariz. 168, 170, 696 P.2d 720, 722 (App.1985). "*Quantum Meruit* is a restitutionary remedy which is based upon the doctrine of unjust enrichment." *Blue Ridge Sewer Imp. Dist. v. Lowry & Associates, Inc.*, 149 Ariz. 373, 374, 718 P.2d 1026, 1027 (App.1986). It is an equitable doctrine recognized under the purview of implied-in-law contracts and quasi-contracts. *Id. See generally* D. Dobbs, *Remedies* §§ 4.1–4.2 (1973). Certain dealings between parties may give rise, in the interest of reason and justice, to a court's interpretation that an implied-in-law contract or quasi-contract exists regardless of the intention of the parties. *John A. Artukovich & Sons, Inc. v. Reliance Truck Co.*, 126 Ariz. 246, 248, 614 P.2d 327, 329 (1980); *Blue Ridge, supra,* 149 Ariz. at 375, 718 P.2d at 1028.

■ Creative Learning argues that the state has been unjustly enriched by the care rendered N. and that, therefore, principles of quantum meruit require that the state reimburse Creative Learning. This argument is based on the fact that the state concluded that N. required residential treatment and Creative ˙ Learning performed this service.

In Arizona, quantum meruit has long been held applicable to recovery against governmental bodies. *Yuma County v. Hanneman*, 42 Ariz. 561, 568, 28 P.2d 622, 624 (1934); *County of Greenlee v. Webster*, 30 Ariz. 245, 252, 246 P. 543, 545 (1926). Both *Hanneman* and *Webster* involved the furnishing of goods or services directly to the government at the purported request of the government. Unjust enrichment, however, should not be used to saddle persons "with an expense which they chose not to incur." *Blue Ridge, supra,* 149 Ariz. at 377, 718 P.2d at 1030. The *Restatement of Restitution* § 110 (1937) states:

> *§ 110 Restitution from Beneficiary of a Contract with Third Person Who has Failed to Perform*
>
> A person who has conferred a benefit upon another as the performance of a contract with a third person is not entitled to restitution from the other merely because of the failure of performance by the third person.

Arizona courts have long held that they will follow the sound reasoning of the restatement in the absence of contrary Arizona law. *Waddell v. White*, 56 Ariz. 525, 527, 109 P.2d 843, 844 (1941). *Advance Leasing & Crane Co., Inc. v. Del E. Webb Corp.*, 117 Ariz. 451, 453, 573 P.2d 525, 527 (App.1977).

In this case, at the dispositional hearing, the juvenile court stated that N. could only be placed at Creative Learning if his parents paid for the placement. The court commented upon its own inability to pay for N.'s private placement. Creative Learning contends that N.'s parents were

compelled by the juvenile court to accept placement at Creative Learning. The record, however, does not support this contention.

During the dispositional hearing, the juvenile court specifically asked N.'s father if he concurred with the recommendation to place N. at Creative Learning and his response was "yes." A short time later during the same hearing, the following discussion between N.'s father and the court occurred after the judge informed all present that the decisive factor as to where N. would be placed depended upon who would take financial responsibility for the placement:

> THE COURT: ... you had investigated the possibility of private placement with Creative Learning, is that correct?
>
> [N.'s FATHER]: Well, with Mrs. Yost. I called Creative Learning and talked to David there; ... I concur with the residential setting ... Creative Learning has more of a group therapy program, much more than the other programs. That's why I concur with Creative Learning.

The record clearly indicates that N.'s parents voluntarily assumed the responsibility of paying for the costs of N.'s care and treatment at Creative Learning.

The failure of N.'s parents to perform under their agreement with Creative Learning to pay for the costs of N.'s placement and care does not give rise to a right of restitution against the state. *See Haggard Drilling, Inc. v. Greene*, 195 Neb. 136, 142, 236 N.W.2d 841, 846 (1975). We reject Creative Learning's argument that the benefit conferred to the state amounted to unjust enrichment. The mere receipt of a benefit, without more, is insufficient. "Restitutionary relief is allowable only when it would be inequitable or unjust for defendant to retain the benefit without compensating plaintiff." *Murdock-Bryant Const., Inc. v. Pearson*, 146 Ariz. 48, 54, 703 P.2d 1197, 1203 (1985). In *Murdock*, the supreme court stated that restitution is a flexible, equitable remedy to be considered when circumstances of a particular case oblige the court by the "ties of natural justice and equity" to grant compensation. *Id.* at 53, 703 P.2d at 1202, citing D. Dobbs, *Remedies,* § 4.2 at 235, quoting *Moses v. MacFerlan*, 2 Burr. 1005, 95 Eng.Rep. 676 (K.B.1760). The matter before us is distinguishable from *Hanneman* and *Webster.*

Adoption of Creative Learning's reasoning would turn the State of Arizona into the guarantor for every private agreement that results in the betterment of its citizens. *Cf. Concrete Products Co., a Div. of Gibbons & Reed v. Salt Lake County*, 734 P.2d 910 (Utah 1987) (court held it was not inequitable to allow county to retain benefit received from concrete delivered by subcontractor's supplier for development approved by county). Creative Learning is not entitled to quantum meruit recovery against the state.

### B. *A.R.S. § 8–243*

█ Alternatively, Creative Learning argues that A.R.S. § 8–243 obligates the state to reimburse Creative Learning for the services rendered to N. This is a mixed question of law and fact and is reviewed *de novo. Tovrea Land and Cattle Co., supra; Matter of Estate of Musgrove, supra.* A.R.S. § 8–243(A) states:

> The supreme court shall administer the activities including providing the cost of services for children who are referred to the juvenile court as incorrigible or delinquent and are placed in foster care other than in a state institution or require shelter care or treatment.

As the trial court correctly ruled in resolving this issue, § 8–243(A) should be read in conjunction with the section immediately following it, A.R.S. § 8–243(B), which states:

> If a child is to be awarded or committed to the state department of corrections or other state department or institution, the juvenile court shall inquire into the ability of the child, his estate or parent, guardian or person who has custody of such child to bear the charge, expense and maintenance....

It is clear from a reading of the statute in its entirety that A.R.S. § 8–243 merely authorizes the supreme court to disperse

funds in payment for services rendered children and permits the court to require parents to bear such expenses. This statute does not require that funds be paid to any institution providing services to children nor does it create a right in any such institution to look to the supreme court for payment.

## CONCLUSION

For the reasons set forth above, we affirm the trial court's granting of summary judgment.

FERNANDEZ, C.J., and LIVERMORE, J., concur.