In the Matter of MEDICAL LABORA-
TORY MANAGEMENT CONSUL-
TANTS, Debtor.

MEDICAL LABORATORY CONSUL-
TANTS d/b/a Consultants Medical Lab, a
corporation, John Devaraj, an individu-
al, Carolyn Devaraj, an individual,
Plaintiffs,

v.

AMERICAN BROADCASTING COMPA-
NIES, INC., The Delbert Lewis Family
d/b/a KTVK–TV, Diane Sawyer, an indi-
vidual, Ira Rosen, an individual, Robbie
Gordon, an individual, Mark Lukazsiew-
icz, an individual, and DOES 1–10, De-
fendants.

CIV–95–2494–PHX–ROS.
(B–95–6436–PHX–CGC).

United States District Court,
D. Arizona.

April 25, 1996.

Neville L. Johnson, Neville L. Johnson & Associates, Los Angeles, CA, for plaintiffs.

Andrew D. Hurwitz, Diane M. Johnsen, C. Taylor Ashworth, Osborn Maledon PA, Phoenix, AZ, for defendants.

## ORDER

SILVER, District Judge.

This action arises from a broadcast on ABC's television news program "Prime Time Live" about faulty pap smear testing. Plaintiff John Devaraj, a co-owner of Medical Laboratory Consultants (d/b/a Consultants

Medical Lab) (hereinafter "Medical Lab"), was interviewed "by" ABC reporters posing as persons interested in setting up their own laboratory. While being filmed by a hidden camera, Mr. Devaraj commented on the fatigue of his lab workers and the volume of pap smear slides reviewed by them each day. ABC featured his comments on the broadcast.

ABC also sent pre-tested pap smear slides to Medical Lab for testing and reported that the lab mistakenly failed to spot cervical cancer indications on several of the slides. The broadcast did not identify Mr. Devaraj and Medical Lab by name.

John and Carolyn Devaraj and Medical Lab ("Plaintiffs") sued American Broadcasting Companies ("ABC"), KTVK–TV (ABC's then-affiliate in Phoenix) and other individuals ("Defendants") after the broadcast aired. The Complaint contains the following counts: Count I—intrusion of privacy; Count II—fraud; Count III—intentional infliction of emotional distress; Count IV—negligent infliction of emotional distress; Count V—public disclosure of private facts; Count VI—trade libel; Count VII—interference with contractual relations and prospective business advantage; Count VIII—unfair business practices; Count IX—trespass; Count X—defamation; and Count XI—false light.

Four motions are pending before the Court: Plaintiffs' Motion for Abstention or, in the Alternative, for Remand; Defendant KTVK's Motion to Dismiss; Defendants' Motion to Dismiss Re: Privacy Claims; and Defendants' Motion to Dismiss and to Strike certain other counts and allegations. Having reviewed the parties' briefs and arguments, the Court rules as follows.

## I. Plaintiffs' Motion for Abstention or, in the Alternative, for Remand

This lawsuit was originally filed in Arizona state court. After Medical Lab filed a Chapter 11 bankruptcy petition, Defendants removed to this Court pursuant to 28 U.S.C. § 1452(a), which provides for removal if federal jurisdiction exists under 28 U.S.C. § 1334. 28 U.S.C. 1334(b), in turn, confers original but not exclusive jurisdiction upon

federal courts over civil actions "related to cases under title 11."

In their Motion Plaintiffs seek to return the lawsuit to state court. They argue that the Court must abstain from hearing this action pursuant to 28 U.S.C. § 1334(c)(2). Alternatively, they contend that the Court should exercise its discretion to abstain and/or remand the case pursuant to 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b).

### A. Mandatory Abstention

As noted, 28 U.S.C. § 1334(b) confers federal jurisdiction over actions relating to Chapter 11 bankruptcy proceedings. However, this jurisdictional grant is limited by 28 U.S.C. § 1334(c)(2), which provides that federal courts must abstain if the "action could not have been commenced in a court of the United States absent jurisdiction under this section ..."

Plaintiffs argue that mandatory abstention is warranted because the sole basis for federal jurisdiction over this removed action is 28 U.S.C. § 1334(b).

In response, Defendants argue that Plaintiffs have sued KTVK, the only nondiverse Defendant, solely to prevent removal based on diversity of citizenship. Defendants claim that Plaintiffs have not stated a viable cause of action against KTVK. Under these circumstances, Defendants contend, the Court should find that KTVK was "fraudulently joined" and retain jurisdiction based on the independent jurisdictional ground of diversity of citizenship. A finding of fraudulent joinder would, moreover, render inapplicable the mandatory abstention provision of 28 U.S.C. 1334, because federal jurisdiction would not depend on the related bankruptcy.

### 1. Fraudulent Joinder

 Defendants' opposition requires a finding that KTVK was fraudulently joined. In *Lewis v. Time Inc.*, 83 F.R.D. 455 (E.D.Cal.1979), *aff'd*, 710 F.2d 549 (9th Cir. 1983), the court observed:

> The joinder of a nondiverse defendant, although fair on its face, may be shown by a petition for removal to be only a fraudulent device to prevent removal. Under such

circumstances, the court may disregard joinder and retain jurisdiction. "Fraudulent joinder" is a term of art, it does not reflect on the integrity of plaintiff or counsel ... but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant, or *in fact* no cause of action exists.

*Id.* at 460 (emphasis in original) (internal citations omitted). *Accord Spence v. Flynt,* 647 F.Supp. 1266, 1271 (D.Wyo.1986).

■ In determining whether a party has been fraudulently joined, the Court may pierce the pleadings and determine the basis of joinder "by any means available." *Lewis,* 83 F.R.D. at 460; *Spence,* 647 F.Supp. at 1271. In addition, a fraudulent joinder claim must be capable of summary determination— if the claims against the nondiverse party are capable of summary judgment, the Court cannot remand the case. *Spence,* 647 F.Supp. at 1271.

Three interrelated considerations warrant a considered application of these principles here. First, the Court notes that this defamation case has significant First Amendment ramifications. A national television network and its local affiliate are being sued for producing and broadcasting a program exposing widespread laboratory carelessness in the testing of pap smear slides—an issue of undeniable public concern. Because "[f]ederal courts have long been especially sensitive when First Amendment rights are implicated," the Court will carefully scrutinize the basis for Plaintiffs' joinder of KTVK. *Lewis,* 83 F.R.D. at 461.

■ Second, First Amendment considerations have special relevance when examined in light of the purposes of diversity and removal jurisdiction. Such jurisdiction is based on the dual goals of avoiding local prejudice and guaranteeing the vindication of federal rights. *Id.* (citing 13, 14 Wright & Miller, *Federal Practice & Procedure* §§ 3601, 3721). First Amendment cases involve the application of federal constitutional principles designed to resolve the inherent tension between free speech and privacy rights. *See, e.g., New York Times Co. v. Sullivan,* 376 U.S. 254, 270–71, 84 S.Ct. 710,

720–21, 11 L.Ed.2d 686 (1964). In addition, defamation cases often concern media criticism of local citizens, necessitating a forum free of local prejudice. *Lewis,* 83 F.R.D. at 462. Therefore, the underlying goals of diversity and removal jurisdiction strongly support the retention of jurisdiction in cases involving the First Amendment.

■ Third, the Court's analysis is influenced by the "voluntary-involuntary" rule, which bars removal after dismissal of a nondiverse defendant unless the dismissal resulted from a voluntary act of the Plaintiff. *People of the State of California v. Keating,* 986 F.2d 346, 348 (9th Cir.1993). If after remand the state court determines that the allegedly fraudulent claims against KTVK are in fact without merit, the case could not again be removed, resulting in an irrevocable loss of federal jurisdiction. *See Lewis,* 83 F.R.D. at 462; *Spence,* 647 F.Supp. at 1271–72.

With these considerations in mind, the Court now turns to an analysis of Plaintiffs' claims against KTVK. This analysis is based on Defendant KTVK's Motion to Dismiss. *See Lewis,* 83 F.R.D. at 460 (court may determine whether a party has been fraudulently joined "by any means available"). If the claims against KTVK are capable of summary judgment, then the Court may find fraudulent joinder. *Spence,* 647 F.Supp. at 1271.

### 2. Defendant KTVK's Motion to Dismiss

■ Attached to KTVK's motion are the affidavit of Mr. Phil Alvidrez, KTVK's then-news director, and videotape copies of the "Prime Time Live" broadcast at issue. Because the motion is accompanied by matters outside the pleadings, it has been converted into a Motion for Summary Judgment. *See* Fed.R.Civ.P. 12(b).

According to Mr. Alvidrez's uncontroverted affidavit, KTVK played no part in the planning, reporting, production or editing of the broadcast at issue. Instead, KTVK acted merely as a "conduit" for the program, which it received via satellite from ABC approximately two hours prior to broadcast.

■ Based on these facts, Defendants argue that KTVK is insulated from liability by the "wire service defense." This defense was originally developed for newspapers who served as conduits for national wire service reports. *See, e.g., Nelson v. Associated Press, Inc.*, 667 F.Supp. 1468, 1476–77 (S.D.Fla.1987). It has been applied to shield network television affiliates from liability for allegedly defamatory material contained in a national network news broadcast, where the affiliates merely acted as conduits for the broadcast and played no role in its reporting, production or editing. *See Auvil v. CBS "60 Minutes"*, 800 F.Supp. 928, 931 (E.D.Wash. 1992).[1]

■ The wire service defense is consistent with modern First Amendment jurisprudence. In a defamation action brought by an ostensibly private plaintiff and involving a matter of public concern, liability can only be imposed if the plaintiff can establish falsity and intentional or reckless disregard for the truth. *See Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 770–72, 106 S.Ct. 1558, 1561, 89 L.Ed.2d 783 (1986); *Dombey v. Phoenix Newspapers, Inc.*, 150 Ariz. 476, 481, 724 P.2d 562, 567 (1986). This approach is consistent with the rule that there can be no "conduit liability" in the absence of fault. *Auvil*, 800 F.Supp. at 931 (citing *Lewis*, 83 F.R.D. at 463–64).

The Court finds that the wire service defense applies to KTVK. KTVK did not participate in any way in the production of the pap smear segment. Instead, KTVK acted as a mere conduit for ABC's "Prime Time Live" satellite feed. Based on these uncontested facts, the Court holds that KTVK cannot be held liable as a matter of law for the allegedly defamatory content of the network program.

■ The Court also holds that First Amendment principles require dismissal of all remaining claims against KTVK. In *Unelko Corp. v. Rooney*, 912 F.2d 1049, 1057–58 (9th Cir.1990), *cert. denied*, 499 U.S. 961, 111 S.Ct. 1586, 113 L.Ed.2d 650 (1991),

the Ninth Circuit applied Arizona law and held that a plaintiff who cannot prove that a defamation defendant acted negligently may not recover on companion claims arising out of the same facts. Because KTVK is not liable for defamation, *Unelko* indicates that KTVK cannot be held liable on the companion claims asserted by Plaintiffs.

■ In addition, the remaining claims must be dismissed because of KTVK's absolute non-involvement with the underlying broadcast. All of Plaintiffs' claims require a finding of intentional or negligent conduct. Because KTVK was merely a passive conduit for a network program, and because KTVK played no role in the production of the program, the Court finds that KTVK failed to commit the necessary intentional or negligent acts required for liability to attach under Plaintiffs' remaining claims. KTVK is accordingly entitled to summary judgment on all claims.

■ Because Plaintiffs claims against KTVK are capable of summary adjudication, the Court finds that KTVK has been fraudulently joined. *See Lewis*, 83 F.R.D. at 460 (fraudulent joinder exists if there is no cause of action in fact against a nondiverse defendant); *Spence*, 647 F.Supp. at 1271 (court cannot remand if claims against nondiverse defendant are capable of summary judgment). Under these circumstances, the Court will retain jurisdiction over this removed case based on diversity of citizenship. Because federal jurisdiction does not depend solely on this case's relationship to Medical Lab's pending bankruptcy, the Court need not abstain pursuant to 28 U.S.C. § 1334(c)(2).

**B. Discretionary Abstention and/or Remand**

■ Plaintiffs argue in the alternative that the Court should abstain or remand pursuant to either 28 U.S.C. § 1334(c)(1) or 28 U.S.C. § 1452(b). 28 U.S.C. § 1334(c)(1) provides that a federal court may, in the

1. Plaintiffs contend that A.R.S. § 12–652 prevents a network affiliate from relying on the wire service defense. However, that statute merely imposes liability on broadcasters for certain de-famatory statements made by persons featured on "live" broadcasts. The statute has no applicability to this case.

interests of comity, abstain from hearing a civil action that has been removed pursuant to 28 U.S.C. § 1334(b). 28 U.S.C. § 1452(b) provides that a federal court exercising removal jurisdiction may remand for any equitable reason. Courts consider the following factors in deciding whether to remand under these provisions: judicial economy; the presence of substantial questions of state law; comity; and the possibility of inconsistent factual findings. *E.g., National Acceptance Corp. v. Levin,* 75 B.R. 457 (D.Ariz.1987).

The Court notes that this case involves serious First Amendment concerns and is not limited to state law issues. There is no possibility of inconsistent factual findings, because there is no pending state court proceeding. For the same reason, there is no possibility of an inefficient exercise of judicial resources. Discretionary abstention and/or remand is simply not warranted.

Finding that the Court may retain jurisdiction and that Defendant KTVK is entitled to summary judgment, the Court now considers the remaining Motions to Dismiss.

## II. Defendants' Motion to Dismiss Re: Privacy

In this motion, Defendants seek an order dismissing the privacy claims of Medical Lab and Mrs. Devaraj. In addition, Defendants seek dismissal of the claims of public disclosure of private facts and intentional infliction of emotional distress with respect to all Plaintiffs. Because the motion was accompanied by matters outside the pleadings, it has been converted into a Motion for Summary Judgment. *See* Fed.R.Civ.P. 12(b).

■■■■ First, Defendants argue that Medical Lab's privacy claims must be dismissed because a corporation cannot possess privacy rights. No reported Arizona cases address the issue of whether a corporation may assert privacy rights. In the absence of contrary Arizona case law, Arizona courts are bound to follow the *Restatement of the Law. MacNeil v. Perkins,* 84 Ariz. 74, 78, 324 P.2d 211, 215 (1958); *Creative Learning Systems, Inc. v. State,* 166 Ariz. 63, 65, 800 P.2d 50, 52 (Ct.App.1990). According to the *Restatement (Second) of Torts* § 652I (the

"*Restatement*"), a corporation has no privacy rights; such rights are personal and can only be held by human beings. Because the *Restatement* is on point, Defendants are entitled to summary judgment on this issue.

■■■■ Second, Defendants contend that Plaintiff Carolyn Devaraj's privacy claims must be dismissed because her claims are merely derivative of Mr. Devaraj's. She does not appear in the broadcast. Instead, her claims are based on the fact that she received several phone calls from acquaintances after the story aired. The *Restatement* § 652I states: "The right protected by the action for invasion of privacy is a personal right, peculiar to the individual whose privacy is invaded. The cause of action is not assignable, and it cannot be maintained by other persons such as members of the individual's family, unless their own privacy is invaded as well." The parties have identified no conflicting Arizona case law; therefore, Arizona courts must follow the *Restatement. See MacNeil,* 324 P.2d at 215. Accordingly, Defendants are entitled to summary judgment on this issue.

■■■■ Third, Defendants argue that Medical Lab and Mr. Devaraj cannot recover under Count V for public disclosure of private facts. The firm cannot recover because it is a corporation. Mr. Devaraj cannot recover for the following reasons: (1) the fact that Mr. Devaraj worked at Medical Lab was a matter of public record (as reflected in the firm's articles of incorporation and annual reports on file with the Arizona Corporation Commission) and therefore was not a "private fact"; (2) disclosure of his place of work is not "highly offensive to a reasonable person" and therefore is not actionable, *see Restatement* § 652D(a); and (3) there can be no recovery for disclosure of private facts in a matter of legitimate public concern, *see Ross v. Midwest Communications, Inc.,* 870 F.2d 271 (5th Cir.1989), *cert. denied,* 493 U.S. 935, 110 S.Ct. 326, 107 L.Ed.2d 316 (1989). Defendants are entitled to summary judgment on Count V.

■■■■ Finally, Defendants argue that Plaintiffs cannot recover under Count III because their conduct cannot, as a matter of

law, support liability for intentional infliction of emotional distress. Arizona has adopted the *Restatement* test for intentional infliction of emotional distress. The *Restatement* provides:

> Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, *"Outrageous!"*

*Restatement* § 46 cmt. d (emphasis added) (quoted with approval in *Ford v. Revlon, Inc.*, 153 Ariz. 38, 43, 734 P.2d 580, 585 (1987)).

Plaintiffs allege that Defendants engaged in outrageous behavior by videotaping Medical Lab and Mr. Devaraj by a hidden camera. In a case involving similar facts, the Seventh Circuit recently affirmed the dismissal of invasion of privacy claims brought by two employees of a medical office who were videotaped "undercover" by reporters posing as patients. *Desnick v. American Broadcasting Companies, Inc.*, 44 F.3d 1345, 1353–55 (7th Cir.1995) (Posner, J.). The Court holds that conduct found not to be actionable by a federal court in a like context cannot, as a matter of law, be deemed "outrageous" here. Accordingly, Defendants are entitled to summary judgment on Count III.

### III. Defendants' Motion to Dismiss and to Strike

▮ Defendants' last motion concerns various matters and is largely uncontested. First, Defendants seek dismissal of all conspiracy claims made in Counts II, III, VI, IX, and X, because there is no civil cause of action for conspiracy under Arizona law. Plaintiffs concede this point and agree to dismissal.

Second, Defendants seek dismissal of the claim in Count IV for negligent infliction of emotional distress. Plaintiffs agree to the requested dismissal.

Third, Defendants seek dismissal of the trade libel claim contained in Count VI. Plaintiffs agree here as well.

▮ Fourth, Defendants seek dismissal of the unfair business practices claim in Count VIII, on the ground that this cause of action does not exist in Arizona. Plaintiffs do not contest that this cause of action does not exist in Arizona. Therefore, Defendants are entitled to prevail on this issue.

Finally, Defendants move to strike certain allegations in the complaint on the ground that they are immaterial, impertinent and/or scandalous. *See* Fed.R.Civ.P. 12(f). The Court agrees with Defendants that the allegations made in ¶¶ 16, 29, 89, 90, 91 and 92 are immaterial to Plaintiffs remaining claims. Therefore, the Motion to Strike will be granted.

Accordingly,

**IT IS ORDERED** granting Defendants' Motion for Summary Disposition and for Pretrial Status Conference (Doc. No. 4).

**FURTHER ORDERED** denying Plaintiffs' Motion for Abstention or, in the Alternative, for Remand (no Doc. No. assigned).

**FURTHER ORDERED** granting Defendant KTVK's Motion to Dismiss (no Doc. No. assigned) and granting Defendants' Motion to Dismiss Re: Privacy Claims (no Doc. No. assigned) In view of the fact that these motions have been converted into motions for summary judgment pursuant to Fed.R.Civ.P. 12(b), the Clerk of the Court is directed to enter summary judgment in Defendants' favor on the claims covered by these motions.

**FURTHER ORDERED** granting Defendants' Motion to Dismiss and to Strike (no Doc. No. assigned).