STATE OF MAINE

KENNEBEC, ss.

BEECH HILL HOSPITAL, L.L.C.,

       Plaintiff

v.

STATE OF MAINE,

       Defendant

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-03-265
DHM-KEN - 3/11/2004

**DECISION AND ORDER**

DONALD L. G̲̅.....
LA....

APR 27 2004

This matter is before the court on defendant's motion to dismiss count II of the plaintiff's complaint.

Plaintiff Beech Hill Hospital, a limited liability company organized under the laws of New Hampshire, with a business address in Virginia, ran a drug and alcohol rehabilitation center in Dublin, New Hampshire. As part of its rehabilitation service, Beech Hill operated a licensed home for children and licensed nonpublic school.

Plaintiff Beech Hill alleges it provided rehabilitation services to seven juveniles placed with them by the Maine Department of Corrections and the Maine Department of Human Services from February 1, 1999, to November 1, 2000. Plaintiff also alleges these juveniles attended classes daily at Beech Hill's school. The rehabilitation services and schooling were provided under various contracts with Maine state agencies. Beech Hill billed the State of Maine for rehabilitation services during this period.

Beech hill closed its facility in Dublin, New Hampshire in late June of 2001. After reviewing its billing records, plaintiff asserts, it discovered that the State of Maine had been billed for board, care and therapy for the seven youths but not for educational services. Plaintiff alleges the cost of these services, valued at $125 per student per day, at $36,250 for six youths placed through the Maine Department of Corrections and

$9,000 for one youth placed through the Department of Human Services, for a total of $45,225. Plaintiff alleges that after repeated demands for payment for its contractual services, defendant State of Maine has refused to pay. On October 4, 2003 plaintiff filed a Complaint in two counts (breach of contract and *quantum meruit*) in this court seeking a judgment against defendant for breach of contract and restitution for *quantum meruit*. Defendant filed a motion to dismiss count II (*quantum meruit*) of the complaint pursuant to M.R. Civ. P. 12(b)(6).

A motion to dismiss for failure to state a claim tests the legal sufficiency of the complaint. *Plimpton v. Gerrard*, 668 A.2d 882, 885 (Me. 1995). When reviewing a motion to dismiss, the material allegations of the complaint are accepted as true. *Id.* In ruling on a motion to dismiss, the court should "consider the material allegations of the complaint as admitted and review the complaint in the light most favorable to the plaintiffs to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiffs to relief pursuant to some legal theory." *Bussell v. City of Portland*, 1999 ME 103, ¶ 1, 731 A.2d 862. Dismissal for failure to state a claim is appropriate only where it appears beyond doubt that the plaintiff is entitled to no relief under any set of facts which he might prove in support of his claim. *Dutil v. Burns*, 674 A.2d 910, 911 (Me. 1996). The legal sufficiency of a complaint is a question of law. *Sargent v. Buckley*, 1997 ME 159, ¶ 10, 697 A.2d 1272, 1275.

Defendant argues that, as a matter of law, the State of Maine is immune from *quantum meruit* claims and Count II therefore fails to state a claim upon which relief can be granted. Defendant cites a case resulting from a dispute over the proper payments from the then existing Department of Health and Welfare (subsequently DHS) for the absolute proposition that the State of Maine is immune from civil suit. *Drake v. Smith*, 390 A.2d 541, 543 (Me. 1978) ("The immunity of the sovereign from suit is one of the

highest attributes inherent in the nature of sovereignty."). Defendant also cites the Law Court as declaring "a claim against the State will be dismissed 'unless the State, acting through the Legislature, has given its consent that the present action be brought against it.'" *Waterville Industries v. Finance Authority of Maine*, 2000 ME 138, ¶21, 758 A.2d 986, 992.

Such consent can be granted, and has been granted, by the legislature on a case-by-case basis or as has been done, generally, through the Maine Tort Claims Act. *See*, 14 M.R.S.A. §§8101-8118. Neither the Maine Tort Claim Act nor any Act of the Maine legislature has given general consent to allowing the state to be sued on *quantum meruit* or other quasi-contractual theories in its own courts. Plaintiff alleges no consent by the Maine legislature to the State of Maine being sued in this matter.

Plaintiff responds to defendant's assertion of sovereign immunity by conceding that although the Maine Supreme Court has not yet addressed the issue of whether a suit against the state can be brought in *quantum meruit* and/or unjust enrichment, other states do permit such suits. Plaintiff cites cases from New York State, Texas, Pennsylvania and Arizona among others. *Crawford's Auto Center Inc. v. Penn. State Police*, 655 A.2d 1064 (Pa. Commw. Ct. 1995); *Creative Learning Systems, Inc. v. State*, 800 P.2d 50 (Ariz. Ct. App. 1990).

Defendant points out in its Reply that in most of these cases the courts did not discuss the issue of sovereign immunity. However, one of plaintiff's decisions from another jurisdiction raised in support of its argument is the more compelling. *J.A. Sullivan Corp. v. Commonwealth*, 494 N.E.2d 374 (Mass. 1986). In that decision the Massachusetts Supreme Court noted that even prior to the legislatures enactment in 1975 of statutory authority enacting partial waiver of sovereign immunity (similar to what we have in this state under the Maine Tort Claims Act), MASS. GEN. LAWS ANN. ch.

258 § 1, "the Commonwealth was amenable to suit in contract." *J.A. Sullivan Corp.*, 494 N.E.2d at 377. The court went on to state:

> Quantum meruit is a theory of recovery, not a cause of action. It is a claim independent of an assertion for damages under the contract, although both claims have as a common basis the contract itself. Recovery under this theory is derived from the principles of equity and fairness and is allowed where there is substantial performance but not full completion of the contract.

*Id.*

The court went on to state that "[t]o bar recovery in this case on the basis that the defendant is the Commonwealth would produce a windfall for the Commonwealth which received the benefit of the plaintiff's services." *Id.* Defendant concedes that plaintiff is correct regarding the holding of the Massachusetts Supreme Court in *J.A. Sullivan* and the state of the law in Massachusetts but points out: "whatever the law may be in Massachusetts, the result is different in Maine."

Plaintiff attempts to support its argument that should find support for a valid claim by citing Maine decisions discussing the immunity from suit of municipalities. *Gillispie v. Town of Southwest Harbor*, 675 A.2d 501 (Me. 1996) (appeal denying unjust enrichment affirmed on the facts); *A.F.A.B., Inc. v. Town of Old Orchard Beach*, 657 A.2d 323 (Me. 1995); *Alladin Electric Association v. Town of Old Orchard Beach*, 645 A.2d 1142 (Me. 1994). Defendant responds that the United States Supreme Court has spoken directly on this issue in a case that originated in Maine. *Alden v. Maine*, 527 U.S. 706, 756 (1999) ("The second important limit to the principle of sovereign immunity is that it bars suits against States but not lesser entities.").

Although Maine courts have found that municipalities do not have absolute sovereign immunity to suit in Maine courts, our courts have not found that this state lacks sovereign immunity in any civil action by persons except where it specifically surrenders it by consent or by the workings of the Maine Tort Claim Act. This

complaint therefore states a claim upon which, under present Maine law, relief cannot be granted.

The entry will be:

Defendant's motion to dismiss count II of plaintiff's complaint is GRANTED.

Dated: March __ , 2004

Donald H. Marden
Justice, Superior Court

BEECH HILL HOSPITAL LLC - PLAINTIFF
PO BOX  2547
LEESBURG VA
Attorney for: BEECH HILL HOSPITAL LLC
CHRISTINE M CRAIG
SHAHEEN & GORDON
140 WASHINGTON ST
PO BOX 977
DOVER NH 03821-0977

SUPERIOR COURT
KENNEBEC, ss.
Docket No  AUGSC-CV-2003-00265

**DOCKET RECORD**

vs
STATE OF MAINE - DEFENDANT

Attorney for: STATE OF MAINE
CHRISTOPHER C TAUB
ATTORNEY GENERAL OFFICE OF AG
111 SEWALL STREET
6 STATE HOUSE STATION
AUGUSTA ME 04333-0006

Filing Document: COMPLAINT                     Minor Case Type: CONTRACT
Filing Date: 10/24/2003

## Docket Events:

10/24/2003 FILING DOCUMENT - COMPLAINT FILED ON 10/24/2003

10/24/2003 Party(s):  BEECH HILL HOSPITAL LLC
        ATTORNEY - RETAINED ENTERED ON 10/24/2003
        Plaintiff's Attorney: CHRISTINE M CRAIG

10/24/2003 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 10/24/2003
        Plaintiff's Attorney:  CHRISTINE M CRAIG
        MAILED TO ATTY. OF RECORD.

10/24/2003 Party(s):  STATE OF MAINE
        SUMMONS/SERVICE - ACK OF RECEIPT OF SUMM/COMP SERVED ON 10/16/2003
        ORIGINAL SUMMONS WITH RETURN SERVICE MADE UPON STATE OF MAINE

10/24/2003 Party(s):  BEECH HILL HOSPITAL LLC
        MOTION - OTHER MOTION FILED ON 10/24/2003
        Plaintiff's Attorney:  CHRISTINE M CRAIG
        MOTION TO FILE EXHIBITS INCORPORTED INTO COMPLAINT UNDER SEAL AND PROPOSED ORDER,
        CERTIFICATE OF SERVICE.                              SEALED EXHIBITS 1&2 TO
        COMPLAINT.                          11/03/03 LETTER FROM DEFENDANT
        INDICATING NO OBJECTION MOTION TO SEAL EXHIBITS.

10/29/2003 Party(s):  BEECH HILL HOSPITAL LLC
        MOTION - MOTION TO ADMIT VISIT. ATTY FILED WITH AFFIDAVIT ON 10/29/2003
        Plaintiff's Attorney:  CHRISTINE M CRAIG
        MOTION FOR ADMISSION PRO HAC VICE WITH AFFIDAVIT IN SUPPORT OF MOTION FOR ADMISSION PRO
        HAC VICE.

10/31/2003 Party(s):  BEECH HILL HOSPITAL LLC
        MOTION - MOTION TO ADMIT VISIT. ATTY GRANTED ON 10/30/2003